ARCHIE JUNIOR PURCELL *v.* STATE OF INDIANA.

[No. 1-774A104. Filed July 14, 1975.]

*Harriette Bailey Conn (Mrs.),* Public Defender of Indiana, *Larry A. Landis,* Deputy Public Defender, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert S. Spear,* Deputy Attorney General, for appellee.

PER CURIAM—Archie Junior Purcell's appeal from the denial of his Petition for Post-Conviction Relief presents two issues for review:

1. Did the trial court err in finding Purcell knowingly, intelligently and voluntarily entered a plea of guilty to a

charge of assault and battery with intent to gratify sexual desires?1

2. Did the trial court err in finding that Purcell knowingly, intelligently and voluntarily waived his right to the assistance of counsel?

We affirm.

ISSUE ONE: In his Petition for Post-Conviction Relief, Purcell alleges Indiana State Police Officer Loyd Heck threatened him with the possibility of a greater sentence, thus inducing his guilty plea to a lesser offense and rendering the plea involuntary. The State failed to file a responsive pleading, although required to do so by Indiana Rules of Procedure, Post-Conviction Remedy Rule 1 (4) (a), and thus the facts alleged in Purcell's petition must be deemed admitted by the State. Trial Rule 8(D). The first fact deemed admitted is that Officer Heck did tell Purcell he could receive a greater sentence than that prescribed for the offense to which he plead guilty.

A guilty plea is not rendered involuntary merely because it is motivated by a desire to avoid a possible greater sentence imposed after a trial and conviction. *Lockhart* v. *State* (1971), 257 Ind. 349, 274 N.E.2d 523. Whether this threat of a greater sentence actually so influenced Purcell as to render his plea involuntary is a conclusion to be reached after a consideration of all the circumstances surrounding the entry of the plea, *Lockhart*, *supra*. Here, the trial court heard Purcell's testimony at the hearing on his petition in which he stated his plea was motivated only out of fear generated by Officer Heck's warning of a possible greater sentence which was in direct conflict with his testimony at arraignment in which he repeatedly assured the court his plea was not being offered because of fear generated by threats or other coercion. We cannot say the trial court erred in resolving this conflict in favor of the validity of Purcell's plea.

---

1. IC 1971, 35-1-54-4, Ind.Ann.Stat. § 10-403 (Burns Supp., 1974).

As to the second fact alleged in Purcell's petition and thus deemed admitted, that he had been intoxicated, the evidence again does not require a conclusion in Purcell's favor. Although the record does indicate that Purcell was intoxicated at the time of his arrest, it also shows that Purcell had not ingested any alcoholic beverage in the approximately 18 hours intervening between his arrest and arraignment. As to whether this earlier intoxication so affected Purcell's thought processes at the time he entered his guilty plea as to render it an unknowing act, his testimony at both hearings is conflicting and the trial court's resolution of this conflict cannot be disturbed here.

Purcell next asserts the record does not positively demonstrate that his plea was entered with full knowledge of its consequences because it contains no express waiver of his constitutional right to trial by jury, to confront his accusers and to the privilege against self-incrimination. The record does show that the trial judge advised of each of these rights prior to accepting his plea. A defendant need not be formally advised that in offering to plead guilty he is waiving these rights and the record need not contain a formal waiver by the defendant. *Barron* v. *State* (1975), 164 Ind. App. 638, 330 N.E.2d 141; *Melendez* v. *State* (1974), 160 Ind. App. 469, 312 N.E.2d 508. After being fully advised of his rights, Purcell again stated he desired to plead guilty. This is sufficient to allow the trial court to conclude he was entering his plea with full knowledge of the consequences. *Barron, supra.*

ISSUE TWO: At his arraignment Purcell was unrepresented by counsel and repeatedly told the trial court he did not desire the assistance of counsel. He now asserts this waiver of his right to counsel was invalid because of his prior intoxication and resulting mental condition. As with his contention that this condition rendered his guilty plea invalid, the trial court committed no error in resolving the conflict in Purcell's testimony at the arraignment and at the

hearing on his petition for post-conviction relief in favor of the validity of Purcell's waiver of his right to counsel.

Purcell having failed to demonstrate reversible error, the judgment of the trial court denying his Petition for Post-Conviction Relief is

Affirmed.

NOTE.—Reported at 330 N.E.2d 779.