LAMOINE LLOYD *v.* STATE OF INDIANA

[No. 1177S793. Filed January 12, 1979.]

*Harriette Bailey Conn*, Public Defender of Indiana, *Robert H. Hendren*, Deputy Public Defender, for appellant.

*Theodore L. Sendak*, Attorney General, *Michael Gene Worden*, Deputy Attorney General, for appellee.

PRENTICE, J. — Petitioner (Appellant) is appealing the denial of his petition for post conviction relief pursuant to Post Conviction Remedy Rule 1. He was originally charged with commission of a felony while armed, to-wit: robbery, Ind. Code § 35-12-1-1 (Burns 1975) to which he entered a plea of guilty. He was sentenced to a term of fifteen (15) years imprisonment. On appeal he presents the following issues:

(1) Whether the petitioner was competent at the time that he entered his guilty plea.

(2) Whether the trial court properly advised the petitioner of his rights at the guilty plea hearing and whether adequate inquiry was made into the factual basis for the plea.

(3) Whether the State, by failing to respond, admitted the factual averments of the petitioner's amended petition.

(4) Whether the petitioner was rendered adequate representation by his trial counsel.

(5) Whether the statute under which the petitioner was charged,

was effectively repealed or superceded by additional acts of the Legislature.

## ISSUE I

Petitioner was originally charged with two counts of armed robbery, two counts of robbery and jailbreaking. Subsequent to a plea bargaining agreement, he agreed to plead guilty to one count of armed robbery in exchange for the dismissal of all other charges then pending against him, and the dismissal of a charge of jailbreaking then pending against his wife.

As his first assigned error, the petitioner alleges that he was incompetent at the time he entered his guilty plea pursuant to the above agreement, as he was then under the influence of drugs and, therefore, unable to waive his rights, knowingly, voluntarily and intelligently. He further contends that the trial court was aware of the possibility of a drug problem in the jail and thus had an affirmative duty to make an inquiry at the guilty plea hearing.

In a post conviction proceeding the petitioner bears the burden of establishing his grounds of relief by a preponderance of the evidence. Post Conviction Remedy Rule 1, § 5. The judge hearing the petition is the sole judge of the weight of the evidence and the credibility of the witnesses. *Carroll v. State*, (1976) 265 Ind. 423, 355 N.E.2d 408. Only where the evidence is without conflict and leads unerringly to a result other than that reached by the trial court, will his decision be set aside. *Carroll v. State, supra; Roberts v. State*, (1975) 263 Ind. 53, 324 N.E.2d 265.

Conflicting evidence was presented at the post conviction hearing upon the issue of the petitioner's competency. The petitioner presented several witnesses who testified that drugs were readily available in the Grant County Jail at the time of the petitioner's incarceration there. The petitioner testified at the hearing and stated that the night before he entered his plea, he took a "hit" of "windowpane," a form of LSD, the effects of which wore off after about thirty hours. He also testified that he smoked marijuana right before going to court the next day.

The attorney who represented the petitioner at the guilty plea hearing, testified that in his opinion the petitioner never displayed any out-

ward signs of being under the influence of drugs or alcohol. He further stated that the petitioner voluntarily entered into the plea bargain and that he had the ability to comprehend what he was doing at all times.

The judge who accepted the petitioner's plea also testified at the post conviction hearing. He stated that he had seen the petitioner on several occasions over the years and that he had acted the same each time. On all three occasions that the petitioner was before him on matters arising from the instant case, the judge believed that there had been a free and responsive communication between them. He saw no indication that the petitioner was under the influence of drugs at any time during these encounters.

A careful reading of the record discloses that the petitioner's testimony during the guilty plea hearing consisted of more than simple yes and no answers. He related the details of both robberies in a coherent and logical order. In addition, petitioner testified at the post conviction hearing, that he understood at the time that the guilty plea was entered that the purpose of his being there was to plead guilty pursuant to a plea bargaining agreement, and he acknowledged that the State had fully complied with that agreement. The evidence clearly sustains that the petitioner's plea was entered knowingly, voluntarily and intelligently.

Petitioner's second contention with regard to the issue of competency is that the judge who took the guilty plea had an affirmative duty to inquire into the petitioner's competency, since he was aware of the drug problem in the jail and also knew that the petitioner had had a drug problem in the past. Ind. Code § 35-5-3.1-1 (Burns 1975) provides that where the court, either from its own knowledge or upon the suggestion of any person, has reasonable grounds for believing that the defendant does not have sufficient comprehension to understand the proceedings or to make his defense, it shall immediately hold a hearing to determine whether the defendant has that ability. The court is given a certain amount of discretion in making that determination. Thus, although there appears to have been some circumstances that may have suggested that the defendant may have been incompetent at the time he entered his plea, we can not say that those circumstances, although presumably known to the judge, mandated a finding that reasonable grounds existed for believing the defendant to

be incompetent. Had there been a formal claim of incompetence presented to the court, our finding could be different. However, under the circumstances of this case, it would be inappropriate for us to speculate upon the propriety of the trial judge's actions, as his position for making the assessment was better than our own.

## ISSUE II

Petitioner contends that he was improperly advised of his rights at the time that he entered his plea and that the trial judge failed to make an adequate inquiry into the factual basis for his plea. Ind. Code § 35-4.1-1-3 (Burns 1975) provides that the defendant be advised of certain rights which he waives by pleading guilty. Among the rights of which he must be advised and of which the petitioner alleges that he was never advised, are the right to subpoena witnesses, the right to have his guilt proven beyond a reasonable doubt and his right to a speedy trial. We disagree with petitioner's allegation that he was not so advised. The record discloses the following:

"Q.   ... You have various rights which you must waive, Mr. Lloyd, in a plea. One is the right to trial, either by court or jury. Are you willing to waive that right?

"A.   Yes, sir.

"Q.   You also have the right to face the people who accuse you of crime in open court and have an attorney cross-examine those witnesses as to your guilt or innocence. In pleading guilty you waive that right and are you willing to do so?

"A.   Yes, sir.

"Q.   You also have the right to use the power of this court to bring persons here to testify in any defense that you wish to present. . . . In pleading guilty, you waive that right also. Are you willing to do so?

"A.   I would maybe like to have one individual to . . . .

"By John B. Milford, Public Defender:

"Your Honor, may it please the Court, I think Lamoine may be confused as far as testifying in his defense as opposed to testifying at his sentencing. He still has a right to call people to testify at his sentencing.

"Q.   Yes. You have a right to a sentencing hearing.

"A. Oh, well, I'll waive that then.

"Q. You also have the right not to incriminate yourself. In taking the witness stand under oath, you waive the burden of the State of Indiana of proving you guilty beyond a reasonable doubt and you thereby incriminate yourself. Are you willing to do so?

"A. Yes, sir."

Petitioner's hesitance in waiving the right to bring persons into court to testify on his behalf was later explained by Mr. Milford at the post conviction hearing. Petitioner was anxious to have someone from the Attorney General's office testify on his behalf at the sentencing hearing concerning his having previously testified for the State and thus fearing that his life would be endangered if he served his sentence in an Indiana prison. Petitioner hoped that such testimony would result in his being allowed to serve his sentence in a neighboring state.

As to the petitioner's contention that the court failed to inquire adequately into the factual basis for his plea and the existence of any threats or promises as required by Ind. Code § 35-4.1-1-4 (Burns 1975), we disagree once again based on the record of his hearing. Petitioner's contention rests primarily upon there having been a mix-up at the guilty plea hearing as to which count of armed robbery his guilty plea was directed. Petitioner initially related the details of the first count of armed robbery, which charge was later dismissed. In relating those details, he admitted having entered the store armed with a .32 caliber rifle. When asked to relate the events leading up to his being charged on the second count of armed robbery, the count to which his plea was entered, he denied having exhibited a weapon, although he admitted having told the checkout girl that he was armed. The State made reference to a probable cause affidavit which disclosed that a witness at the store saw the petitioner with a gun, and stated that a .32 caliber revolver had been found on the petitioner at the time of his arrest, along with the proceeds of the robbery.

On appeal, petitioner argues that the State's references to the affidavit and gun were not sufficient evidence upon which to find a factual basis for his plea. He contends that since he never admitted having used a gun, the trial judge should have made a further inquiry

as to the details of the robbery. We find no merit in his contention. At the guilty plea hearing, the petitioner stated that he understood the elements of the crime with which he was charged and that he understood that by entering his plea he was admitting the truth of the matters contained within the criminal information filed against him. Such admissions are sufficient to establish a factual basis for his plea.

Finally, the court questioned the petitioner as to any force, promises, threats or coercion used against him, to which he answered in the negative. Such questioning clearly complies with the statute.

## ISSUE III

Petitioner filed his original petition for post conviction relief on February 25, 1976, to which the State responded with a general denial on March 26, 1976. Subsequently, on October 26, 1976, petitioner filed an amended petition which went into greater detail and raised several new issues. On the Court's own motion, the State was ordered to file a responsive pleading to the amended petition on or before January 10, 1977. The State, however, failed to comply with the order. On March 21, 1977, petitioner petitioned for leave to amend his amended petition, which was granted. A second amended petition was filed and, on the court's own motion, the State was ordered to file a responsive pleading thereto on or before March 29, 1977. Again, the State failed to respond. On March 30, 1977, a hearing was held on the second amended petition, during which time the following discourse took place:

*"By Robert Leirer Justice, Counsel for the Defendant*:

"A couple of things, Your Honor. The Court entered an order on the 25th — excuse me — yes. On the 25th directing the State to respond to the P.C. Petition here, and, of course, under the P.C. rule, section four, sub-section one, the State's supposed to respond. I have received no response from the prosecutor. I believe it was due on the 29th by the Court's order. The record which I inspected this morning shows no response from the prosecutor, and for that reason I would ask that the Court under the doctrine of Purcell v. State — excuse me just a moment — which is a recent Indiana Appellate Court decision. Take the allegations of the Petition as admitted as to the factual allegations. This would also based on the Indiana trial rules which provide, as I'm sure the Court and the Prosecutor all

know, that allegations not denied are to be taken as admitted.
. . .

\* \* \* \*

"*By the Court*:

"Any response to the issue of failing to file responsive pleading?

"*By J. P. Cassidy, Deputy Prosecuting Attorney*:

"Your Honor, I think that the record will indicate that a year or so ago, there was another post conviction relief filed and I think it will also indicate that the State filed an answer to that, which was merely an answer in denial. I do not find in my file a copy of the docket sheet which would indicate that I was to have filed another answer to what I think may be the third, perhaps the second and maybe the third amended post-conviction relief petition. And if the record does not indicate that there's one filed, then I would stand on the record. It would again, as — as I would indicate to the Court, it would merely be an answer in denial.

"*By the Court*:

" — We will now proceed - - - the Court will overrule the objections to the hearing on the motion for post-conviction relief and the Court will deem that the response to the original post-conviction relief petition will be continued as the response in the — this particular case, the State having denied the essential allegations of the post — of the petition for post-conviction relief."

On appeal the petitioner argues that the hearing court abused its discretion in refusing to rule that the factual allegations of the second amended petition, were admitted by the State's failure to respond, citing *Purcell v. State*, (1975) 165 Ind. App. 47, 330 N.E.2d 779; Indiana Tr. R. 8(D); and Post Conviction Remedy Rule 1, § 4(a). The allegations which the petitioner sought to have the court deem admitted related to the competency of the petitioner at the time that he entered his guilty plea and the competency of the petitioner's trial counsel.

The State contends in its brief that the trial court had the authority to set the time for responsive pleading under Trial Rule 15(A) and thus could accept the State's general denial at the hearing. In addition, the State contends that even should the allegations be deemed admitted,

such would not dictate a finding in petitioner's favor, since the legal conclusions to be drawn therefrom were for the court, based upon all the evidence presented at the hearing. In support of its argument, the State cites *Purcell v. State, supra,* where, given a similar situation, the Indiana Court of Appeals found that although the facts alleged in the petition were admitted, by the State's failure to respond, the evidence introduced at the hearing did not require the conclusion that the defendant's plea was not knowingly, intelligently and voluntarily entered.

We agree with the State's contention that the legal conclusions to be drawn were for the judge. Given that the defendant's factual allegations with regard to his ingestion of drugs were admitted, "we, nevertheless, cannot say in the face of the conflicting record, that his use of drugs mandated the finding that his use of drugs had so debilitated his mind as to render him incapable of a knowing and intelligent judgment." *Cushman v. State,* (1978) 269 Ind. 68, 378 N.E.2d 643.

The same is true with respect to the petitioner's allegations regarding the claim of attorney incompetence. Although the facts may be deemed admitted, it was for the trial judge to decide if they mandated a finding of incompetency. The court's decision on this issue is reviewed under Issue IV.

## ISSUE IV

The petitioner's claim of ineffective trial counsel rests upon the following asserted errors: his attorney's failure to speak with any of the eyewitnesses, his failure to file a motion to suppress a pre-trial statement, his failure to bring the petitioner's alleged drug use to the attention of the court, his failure to meet with the petitioner for more than a total of thirty minutes, although five separate meetings were had, and his failure to object to the State's use of a probable cause affidavit to establish a factual basis for the guilty plea.

At the post conviction hearing, the petitioner's trial attorney testified for the State. He stated that he had met with petitioner about five times prior to the plea and that the petitioner seemed to be in a normal state on each occasion. At no time did he feel that the petitioner was under the influence of drugs. In addition, he testified that the petitioner voluntarily chose to plead guilty, pursuant to the plea bargain and was aware

of the consequences of such a decision on the day of the plea. Given petitioner's desire to thus plead, he testified that he saw no need to seek suppression of the pre-trial statements, as he assumed that the petitioner would not be standing trial. Although counsel admitted that he was not prepared to go to trial on the day the plea was entered, in part due to the defendant's own actions, there is no reason to believe that had the petitioner gone to trial he could not have adequately prepared in the nine days remaining prior to the trial date, or that a continuance would not have been obtained. Further, there is no indication in the record that the petitioner's plea was induced by any lack of preparedness on the part of his attorney.

An attorney is presumed to render competent representation, and only a strong showing to the contrary will rebut this presumption. *Robertson v. State*, (1974) 262 Ind. 562, 319 N.E.2d 833. One must look to the particular facts in each case in determining whether an attorney has provided his client with effective assistance. *Roberts v. State*, (1977) 266 Ind. 72, 360 N.E.2d 825. Matters of judgment and strategy will not be second guessed by this Court, unless it appears from the record that the trial was a mockery of justice. *Blackburn v. State*, (1973) 260 Ind. 5, 291 N.E.2d 686.

The petitioner has failed to show how he was prejudiced by anything that his attorney did or failed to do. We cannot find, from the evidence presented, that the petitioner's representation was ineffective.

### ISSUE V

As his final contention, petitioner challenges the trial court's jurisdiction to accept the guilty plea, contending that the statute under which he was charged and sentenced, commission of a crime while armed with a deadly weapon, Ind. Code § 35-12-1-1 (Based on Acts 1929, ch. 55, § 1, as last amended Acts 1971, P.L. 453, § 1) was effectively repealed by Ind. Code § 35-23-4.1-2 (Based on Acts 1971 as last amended by Acts 1973, P.L. 333, § 1) which states:

"Crime of violence when armed with firearm — Felony — Seizure of firearm — If any person commits or attempts to commit a crime of violence when armed with a firearm, he may, on conviction thereof, in addition to the punishment provided for the crime, be

punished also as provided by the felony penalty under this chapter (35-23-4.1-1 — 35-23-4.1-18). Upon arrest for any such crime, the firearms shall be seized by the arresting officer and held by him as evidence pending trial."

and Ind. Code § 35-23-4.1-18(b) (Based on Acts 1971 as last amended by Acts 1973, P.L. 333, § 1) which states:

"Any person who violates any provision of sections 2, 6, 11, 12, or 14 (35-23-4.1-2, 35-23-4.1-6, 35-23-4.1-11, 35-23-4.1-12, or 35-23-4.1-14) of this chapter is guilty of a felony and upon conviction, shall be punished by a fine of not less than one hundred dollars ($100) nor more than one thousand dollars ($1,000) and by imprisonment in the state prison for any determinate period of not less than one nor more than ten (10) years."

Petitioner argues that the above amendment to the firearms act created a new approach to aggravated crimes which effectively repealed the separate offense of commission of a crime while armed with a deadly weapon. He contends that the above sections read together create a separate felony conviction for the commission of a crime of violence while armed with a specific deadly weapon, a firearm, with the possibility of a cumulative one (1) to ten (10) year determinate sentence, in addition to the sentence on the underlying felony.

The general rule with regard to statutory repeal by implication is as follows, as set forth in *Payne v. Buchanan*, (1957) 238 Ind. 231, 238, 148 N.E.2d 537:

" '. . . (1) Repeals by implication are not favored; and (2) Where there are two acts on the same subject, effect should be given to both if possible; and (3) But, if the two are repugnant in any of their provisions, the later act, without any repealing clause, operates to the extent of the repugnancy as a repeal of the first; and even when two acts are not in express terms repugnant, yet if the latter act covers the whole subject of the first, and embraces new provisions, plainly showing that it was intended as a substitute for the first act, it will operate as a repeal of that act. This is the rule adopted in the case of *Kramer v. Beebe* (1917), 186 Ind. 349, 355, 115 N.E. 83, . . .' *DeHaven v. Municipal City of South Bend* (1937), 212 Ind. 194, 198, 7 N.E.2d 184."

In the instant case there has been no showing that the statutes in question are repugnant to each other or that the amendment to the

firearms act was intended to act as a substitute for Ind. Code § 35-12-1-1. The purpose of the particular provisions of the firearms act "is to effectuate a greater penalty for a 'crime of violence' committed with a weapon than that deemed appropriate for such violent crime when committed unarmed." *St. Germain v. State*, (1977) 267 Ind. 252, 369 N.E.2d 931, 932-33. Such purpose is not inconsistent with the provisions of Ind. Code § 35-12-1-1 which provides a greater penalty for an armed felony than for the same felony committed while unarmed.

We find no reversible error. The judgment of the trial court is affirmed.

Givan, C.J. and DeBruler, Hunter and Pivarnik, JJ. concur.

NOTE—Reported at 383 N.E.2d 1048.

R. A. AUGUSTINE d/b/a SOUTH SHORE INSURANCE, SOUTH SHORE BUILDING AND MORTGAGE COMPANY AND SOUTH SHORE SECURITIES CORPORATION, AND THIRTEEN HUNDRED BROADWAY CORPORATION, AN INDIANA CORPORATION, AND FRANK L. KORPITA AND MARY AGNES KORPITA, HUSBAND AND WIFE; HOBART COUNTRY CLUB DEVELOPMENT CORPORATION, AN INDIANA CORPORATION; TITLE CORPORATION: AND NORMAN LEVENBERG AND _____ LEVENBERG, HIS WIFE, WHOSE TRUE CHRISTIAN NAME IS UNKNOWN, *v.* FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION OF GARY, AND BUCKEYE UNION INSURANCE COMPANY, AND EICHEL LOVELACE AND PATRICIA LOVELACE

[No. 179S10. Filed January 15, 1979.]