STATE of Indiana, Appellant,

v.

Orlando FAIR, Appellee.

No. 1282S476.

Supreme Court of Indiana.

June 28, 1983.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellant.

GIVAN, Chief Justice.

This is an appeal from the grant of post-conviction relief under Ind.R.P.C.R. 1. The case history commences with the filing of a three-count indictment returned by the grand jury in St. Joseph County. Petitioner was charged with two counts of First Degree Murder and one count of Conspiracy to Commit Murder. After the case was venued to Porter County, petitioner was tried before a jury and found guilty on all three counts. The sentences imposed on the three counts were, respectively, death by electrocution, life imprisonment, and a term of imprisonment of two to fourteen years. In *Fair v. State*, (1977) 266 Ind. 380, 364 N.E.2d 1007, petitioner's conviction was affirmed, although this Court remanded the case with instructions to vacate the death penalty and to impose a term of life imprisonment in its stead.

Following affirmance of his conviction, petitioner filed a *pro se* petition for post-conviction relief under Rule 1 on June 2, 1980, in Porter Superior Court. In the next

three months petitioner enlisted the assistance of Richard Lee Owen, an Indiana State Prison inmate who was not a lawyer, to help him. Owen drafted some pleadings on petitioner's behalf which were filed with the Porter Superior Court. However, on September 30, 1980, pursuant to the order of this Court, the Porter Superior Court ordered all pleadings filed on petitioner's behalf by Richard Lee Owen stricken. On January 30, 1981, petitioner filed a motion for appointment of counsel. That motion was granted and a duly licensed attorney was appointed to represent petitioner. On November 25, 1981, petitioner filed another Petition for Post-Conviction Relief, this petition having been prepared by his attorney.

The petition was eventually set for hearing on May 14, 1982, in Porter Superior Court. However, the State was unrepresented at the hearing, due to confusion as to whether the State was to be represented by the prosecutor of Porter County or St. Joseph County. The post-conviction judge entered Findings of Fact and Conclusions of law on that date, the effect of which was to grant petitioner the relief, ordering the indictment under which he was charged dismissed and ordering him discharged from incarceration. After a hearing on the State's Motion to Correct Error, the judge found as a fact that petitioner's whereabouts were unknown. No brief has been filed on petitioner's behalf, further indicating he fled the jurisdiction after his discharge.

Following the post-conviction court's grant of relief, a number of motions were filed by the State in an effort to get the grant of relief set aside or vacated. On September 10, 1982, the State also filed a Verified Motion for Change of Venue from the Judge and a Supplemental Motion for Relief from Judgment. The court entered findings of fact that in effect denied the relief sought by the State. The State then perfected its appeal.

The State first asserts the post-conviction court erred in granting the petition following the May 14, 1982, hearing during which the petitioner presented no evidence in support of his allegations of fact.

The State's reasoning is as follows. Ind. R.P.C.R. 1, § 5 states:

"*Hearing.* The petition shall be heard without a jury. A record of proceedings shall be made and preserved. All rules and statutes applicable in civil proceedings including pre-trial and discovery procedures are available to the parties. The court may receive affidavits, depositions, oral testimony, or other evidence and may at its discretion order the applicant brought before it for the hearing. The petitioner has the burden of proof for relief by a preponderance of the evidence."

Moreover, the State points out, this Court has frequently held in a post-conviction relief proceeding, the burden of proof is on the petitioner to prove the right to relief by a preponderance of the evidence. *See, e.g., Phillips v. State,* (1982) Ind., 441 N.E.2d 201. The State's position is that the record in this case shows no presentation of evidence by the petitioner at all. Therefore he cannot be deemed to have met his burden of proof. The State further points out that on appeal the reviewing court will disturb the post-conviction court's judgment "only if the evidence is without conflict and leads inescapably to a conclusion contrary to that reached by the trial court." Id., 441 N.E.2d at 203. In this case, the State argues, the record shows no presentation of evidence by the petitioner. Thus the trial court could not possibly have found petitioner entitled to relief by a preponderance of evidence. We are compelled to the inescapable conclusion the trial court erred in granting the relief.

First, we are obliged to consider if the petitioner in fact presented any evidence at all from which the trial court could have found by a preponderance of that evidence that relief should be granted. We begin with the language of Rule P.C. 1, § 5 that states in part; "A record of proceedings shall be made and preserved." Since Rule 1, § 5 is captioned "Hearing," the inevitable conclusion is that if the post-conviction court holds a hearing at all, it is required to make a record of that hearing.

We next turn to Ind.R.App.P. 7.2(A) to see what is required to be in such a record. That rule states:

"(A) Definition. The record of proceedings shall consist of the following documents:

\* \* \* \* \* \*

"(2) Copies of all papers filed or offered to be filed with the clerk of the trial court during the course of the action, and a copy of the order book entries. The term 'papers' shall include without limitation all process, pleadings, motions, and other written documents.

"(3) The transcript of the evidence and proceedings at trial."

Though a hearing on a post-conviction relief petition has never been held to be a "trial," we think it is apparent that in an appeal from either the grant of or denial of post-conviction relief, a fair reading of the Rules of Appellate Procedure indicates that part of Rule 1, § 5 referring to a "record of proceedings" includes all the papers filed or offered to be filed in the proceeding and a transcript of the oral testimony taken at the proceeding.

Further, Ind.R.App.P. 7.2(A)(4) states:

"The transcript of the proceedings at the trial, including all papers, objections and other matters referred to above shall be presented to the judge who presided at the trial, who shall examine the same and if not true, correct the same without delay, and as finally settled by the court, shall sign the same certifying to the same as being true and correct in said proceedings, and order the same filed and made a part of the record in the clerk's office."

■ The Judge's Certificate in this case recites, *inter alia,* "[T]his Transcript of Evidence and Proceedings [is] a full, true, and correct photocopy of proceedings, and does correctly set forth and contain all the proceedings and evidence introduced during the hearing of this cause." There is nothing in the way of a transcript of oral testimony presented at the hearing, nor is there anything else in the record in the way of "papers" or "documents" that could qualify

as evidence presented at the hearing. We hold petitioner presented no evidence in support of his claim for relief.

We note an order book entry contained in the record recites that a deposition was "reviewed." However, the record we have before us contains no such deposition. A deposition may be part of the evidence introduced at the hearing on a petition for post-conviction relief. Ind.R.P.C.R. 1, § 5. But where, as here, we have only an order book entry stating that a deposition was "reviewed," and it is not included in the record certified by the trial judge as full and correct, we can only conclude that the recital of the order book entry is a nullity insofar as a showing that evidence was presented by petitioner by way of such deposition.

■ Moreover, there is no showing in the record that there was any compliance with I.C. § 34–1–16–1 [Burns 1973] requiring publication of a deposition upon motion by either party and by order of court before it can be put into evidence. *See also, Augustine v. First Federal Savings and Loan Association of Gary,* (1979) 270 Ind. 238, 384 N.E.2d 1018. Thus even if we were to concede that the record is sufficient to show evidence was presented by petitioner at the hearing, it is apparent the procedure was improper. There is no showing that the deposition was published upon motion by petitioner, nor was the required order of the court ever entered. Without complying with the requirements for publication of the deposition, it was error for the court to "review" the deposition in considering the merits of petitioner's claim. *Id.*

It is true under P.C. Rule 1, § 4(f) the post-conviction court can summarily dispose of the petition "when it appears from the pleadings, depositions, answers to interrogatories, admissions, stipulations of fact and any affidavits submitted that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." It has also been held where the State fails to file the responsive pleading required under P.C. Rule 1, § 4(a) the

factual allegations of the petition may be deemed admitted by the post-conviction court, thus obviating the need to hold a hearing for the purpose of hearing evidence to support the petitioner's factual allegations. *See Purcell v. State,* (1975) 165 Ind. App. 47, 330 N.E.2d 779. Even in that case, however, the post-conviction court must determine whether as a matter of law the facts as alleged in the petition entitle the petitioner to relief. *Id.*

In the case at bar, it cannot be said this is a situation in which there was no need to hold a hearing for evidentiary purposes. Here the final petition for post-conviction relief was filed by petitioner on November 25, 1981. The factual bases alleged in support of entitlement to relief were that (1) the jury was not sequestered in this capital case; (2) the indictment returned by the grand jury was tainted because of the presence of unauthorized persons in the grand jury room while testimony was taken; and (3) the prosecution failed to disclose the full terms of a "deal" made between the State and its chief witness, Edward Landau, prior to trial. The State did not file an answer to this petition.

However, the record shows the State had answered the first two petitions filed June 2, 1980, and August 6, 1980. These pleadings were among those ordered stricken by the court because of the role of Richard Lee Owen in preparing them. These two petitions contained, *inter alia,* the same factual bases for relief as did petitioner's final and properly filed petition. The State's answers to these first two petitions contained general denials as to all of the above allegations.

In addition the State's answers averred that the petitioner had waived any argument with respect to the issue of jury sequestration and that the issue of undisclosed deals made between the State and Edward Landau was decided in petitioner's direct appeal. Considering this state of the record, it is clear the State was challenging the factual allegations set forth in the final petition for post-conviction relief as either untrue or inadequate as a basis for relief. *See Hollonquest v. State,* (1982) Ind., 432 N.E.2d 37 (post-conviction petitioner may not raise as grounds for relief issues that were or could have been raised in direct appeal). Thus the trial judge was not, as was the trial judge in *Purcel, supra,* faced with a petition in which the allegations of fact were required to be deemed admitted.

We note that in *Lloyd v. State,* (1979) 270 Ind. 227, 383 N.E.2d 1048, we held a post-conviction court was empowered to find the State's answer to a first post-conviction relief petition provided a proper basis for refusing to deem the factual allegations of the petitioner's later filed amended petition, even though the State failed to answer the later filed petition.

■ Today we hold where the State has raised legitimate defenses by its answer to a prior filed post-conviction relief petition, that answer is to be deemed as sufficient to challenge a later filed petition that raises the same issues of fact as did the first petition. The filing of a second or additional answer is unnecessary where the State has made it clear it believes there are legitimate defenses available to all the petitioner's claims for relief.

Given the disposition of the issues above, it is unnecessary for us to consider the State's arguments with respect to the merits of petitioner's claim and the trial court's Conclusions of Law that he was entitled to the relief sought. We also find it unnecessary to address any of the questions raised with respect to the fact the State was unrepresented at the hearing on the post-conviction relief petition.

The judgment of the trial court is reversed. The case is remanded to the trial court with instructions to reinstate the original judgment of conviction and the sentences as previously amended pursuant to order of this Court in petitioner's direct appeal from his conviction. The trial court is also ordered to issue an arrest warrant for petitioner with instructions that he be returned to the custody of the Department of Correction.

HUNTER, DeBRULER and PIVARNIK, JJ., concur.

PRENTICE, J., dissents with opinion.

PRENTICE, Justice, dissenting.

In this case the majority turns the rules of appellate review upside down. At 67. There is no authority for the proposition that a petitioner for post conviction relief, who prevails in the trial court, bears the burden of demonstrating the correctness of the judgment on appeal. To the contrary, it is the responsibility of the appellant, in this case the State, to present a sufficient record which reveals error in the trial court's judgment:

"We remind the state that this court presumes that the trial court has correctly decided the questions presented below and that appellant has the burden of overcoming this presumption by clearly showing the trial court's error."

*State v. Kuespert,* (1980) Ind.App., 411 N.E.2d 435, 438.

The State urges that the shoe be placed on the other foot through a twisted reading of the post conviction rules, because the record reveals that the judgment was rendered without benefit of the State's input, albeit due to the State's negligence. In response to the judgment, the State filed a motion to correct errors and a "Motion For Relief From Judgment," which invoked Ind. R.Tr.P. 60(B)(1) and (8) and cited *Soft Water Utilities, Inc. v. LeFevre,* (1973) 261 Ind. 260, 301 N.E.2d 745. It appears, although by no means completely proved, that the St. Joseph County Prosecutor's office expected the Porter County Prosecutor's office to appear, and the Porter County Prosecutor's office, which had notice of the hearing on the petition, expected the St. Joseph County Prosecutor's office to appear. The criminal prosecution in this matter had been venued from St. Joseph County to Porter County. The problem seems to have originated with the trial court's bailiff; however, regardless of the representations that she may or may not have made about who would or should appear for the State, she had no authority to relieve the Porter County Prosecutor of his obligation to appear under Ind.R.P.C. Rule 1, § 9(b). Consequently, the State presented no grounds for granting a Trial Rule 60(B) motion. Nevertheless, despite the opportunity at the hearing upon such motion and upon the motion to correct errors, the State presented no evidence whatever to indicate that the trial court's judgment was erroneous. As a result, the record contains absolutely no reason to reverse such judgment.

In addition to ignoring a fundamental rule of appellate review, the majority also ignores Ind.R.P.C. Rule 1, § 4(f):

"The court may grant a motion by either party for summary disposition of the petition when it appears from the pleadings, depositions, answers to interrogatories, admissions, stipulations of fact, and any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law."

The State has not shown that summary judgment was inappropriate in this case nor that the trial judge did not rely upon this section as authority.

The majority's reasoning seemingly proceeds from the erroneous premise that the appellee pursued this appeal; thus he may be charged with failure to abide by the appellant's responsibilities concerning the preparation of an adequate record. I am aware of no rules or cases, and the majority cites none, which so provide. Under the circumstances presented, as a court of review, we are first and only obliged to consider if the appellant, in this case the State, has presented a record which discloses that the trial court's judgment is erroneous. The State has failed in this burden, and accordingly, the judgment of the trial court should be affirmed.