**Clarence R. PATTERSON, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 1284S513.**

Supreme Court of Indiana.

Dec. 9, 1986.

Rehearing Denied Feb. 10, 1987.

Susan K. Carpenter, Public Defender, Carolyn J. Fitch, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen. and Jay Rodia, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant entered a plea of guilty to the offenses of Murder and Robbery, a Class B felony. The court imposed concurrent sentences of thirty (30) years and ten (10) years.

On November 19, 1979, appellant was charged with robbery in Cause No. CR79–450A. He was then charged on October 6, 1980, with murder, felony murder and robbery in Cause No. CR80–360A. On December 10, 1980, appellant filed a written plea bargain agreement in which he agreed to plead guilty to murder and robbery. The State agreed to dismiss the remaining counts in Cause No. CR 80–360A and also agreed not to file a petition to revoke appellant's probation in a prior conviction.

On January 22, 1981, the court accepted the plea and sentenced appellant pursuant to the terms of the plea agreement. Appellant's post-conviction petition, in which he alleged on various grounds that his guilty plea was not entered knowingly, intelligently and voluntarily, was denied on August 22, 1984.

Appellant claims he was not properly advised of the minimum possible sentence for a Class B felony, as required by Ind. Code § 35–4.1–1–3(d) [repealed and recodified at Ind.Code § 35–35–1–2(a)(3) ], and therefore his plea to the charge of robbery was not knowingly, intelligently and voluntarily entered.

■ The trial judge properly advised appellant of the maximum possible sentence for a Class B felony but incorrectly informed him that three, rather than four, years could be subtracted from the presumptive sentence upon a finding of mitigating circumstances. *See* Ind.Code § 35–50–2–5.

■ As this Court held in *White v. State* (1986), Ind., 497 N.E.2d 893, a post-conviction petitioner who merely establishes that the trial judge failed to give an advisement in accordance with the guilty plea statute has not met his burden of proof. The petitioner must plead specific facts from which it could be concluded the judge's failure to strictly comply with the statute rendered the decision to plead guilty involuntary or unintelligent. *Id.*

Appellant does not claim that he did not know what the minimum possible sentence for a Class B felony was or that if the erroneous advisement had been corrected he would have changed his decision to plead guilty. *Id.* Pursuant to the terms of the plea agreement, appellant received the presumptive sentence for a Class B felony. He was aware that if he went to trial and was convicted, the court would have the discretion to increase or decrease that sentence. We agree with the post-conviction court's conclusion that the erroneous advisement did not affect appellant's plea de-

cision and thus did not render the entry of the plea unintelligent.

Appellant next contends he was not advised by the trial judge of "any possibility" that his sentences "might be required to run consecutively to any term imposed for probation revocation." While conceding that such an advisement was not required by Ind.Code § 35–4.1–1–3(d), he argues that the possibility existed for mandatory consecutive sentences and that because he was not advised of that possibility his plea was not entered with the requisite knowledge and voluntariness.

Under Ind.Code § 35–50–1–2(b), if a person commits a crime after having been arrested for another crime and before the date of discharge from probation, parole or a term of imprisonment imposed for that other crime, the terms of imprisonment shall be served consecutively. *See Groff v. State* (1986), Ind., 488 N.E.2d 711. It is not entirely clear from the record whether appellant was in fact serving a term of probation at the time the instant crimes were committed. It is apparent, however, that the purported probation violation had no effect on his sentencing.

■ Appellant has not alleged that he did not know of the possibility of mandatory consecutive sentences or that knowledge of that possibility would have changed his decision to enter a plea of guilty. *White, supra.* We must assume that because the contingency of probation revocation was specifically addressed in the plea agreement filed by appellant he was aware of the possible impact of a probation violation on his sentencing.

Appellant next claims the trial judge failed to ask him if he was under the influence of alcohol or drugs at the time he entered his plea. Although admittedly finding no authority to support his position, appellant requests this Court to adopt a requirement that trial judges make such an inquiry as part of the determination of the voluntariness of a plea.

■ The guilty plea statute does not require the specific inquiry proposed by appellant, and we decline his request to engraft a new requirement onto the statute. Where the court conducting a guilty plea hearing, either from its own knowledge or facts presented to it, has reasonable grounds for believing the defendant does not have sufficient comprehension to understand the proceedings, it shall immediately hold a hearing to determine whether the defendant has that ability. *Lloyd v. State* (1979), 270 Ind. 227, 383 N.E.2d 1048.

■ Here, there is no indication whatsoever that a competency determination was necessary. There is no evidence, and appellant does not so allege, that he was intoxicated or under the influence of drugs at the time he entered his plea. The judge fully complied with Ind.Code § 35–4.1–1–4(a) [repealed and recodified at Ind.Code § 35–35–1–3(a)] in determining the voluntariness of appellant's plea. The alleged failure to make the inquiry proposed by appellant in no way vitiates the plea.

The final contention presented by appellant is that his conviction for robbery was not supported by a sufficient factual basis.

During the guilty plea proceedings, Stephen Grey, an intern from the Marion County Prosecutor's Office, presented a narrative summary of the facts surrounding the robbery. The summary included a recitation of the probable cause affidavit. Appellant argues that his plea was not supported by a sufficient factual basis because Grey was not testifying under oath.

■ The record does not support appellant's argument. The court asked Grey if he had been sworn, to which Grey responded in the affirmative. Upon the completion of Grey's testimony, appellant stated that the facts recited by Grey were true. That admission, coupled with appellant's earlier statement that he was admitting the truth of the facts in the charging information, was sufficient to establish a factual basis. *Lowe v. State* (1983), Ind., 455 N.E.2d 1126.

The trial court is affirmed.

PIVARNIK, SHEPARD and DICKSON, JJ., concur.

DeBRULER, J., concurs in result.