**Arthur James McBRIDE and Robert Morgan Grooms, Appellants–Petitioners,**

v.

**STATE of Indiana, Appellee–Respondent.**

**No. 20A03–9012–PC–531.**

Court of Appeals of Indiana, Third District.

July 9, 1992.

Transfer Denied Sept. 2, 1992.

Kris Meltzer, Bate, Harrold & Meltzer, Shelbyville, for appellant-petitioner McBride.

Robert Morgan Grooms, pro se.

Linley E. Pearson, Atty. Gen., Preston W. Black, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee-respondent.

GARRARD, Judge.

After a jury trial, McBride and Grooms were convicted of murder on November 7, 1975. Their motion to correct errors following the judgment asserted 65 errors. On direct appeal, in which they were represented by different counsel, they assigned 14 errors which counsel supported with a 179 page brief. The supreme court affirmed the convictions in *Grooms v. State* (1978) 269 Ind. 212, 379 N.E.2d 458.

Subsequently, they filed and later amended a petition for post-conviction re-

lief under PC 1. The trial court denied relief upon the 34 contentions that had been raised. Each appealed from the denial of relief. McBride's brief raises 20 contentions; Grooms' raises 24. We have consolidated the appeals for disposition.

■■■ We commence with a capsule of the law generally applicable to post-conviction relief proceedings and their appellate review. We first observe that the purpose of the post-conviction relief process is not to provide a substitute for direct appeal; it is intended to provide a means for raising issues not known at the time of the original trial or for some reason not available to the defendant at that time. *See, e.g., Wallace v. State* (1990) Ind., 553 N.E.2d 456, cert. den. —— U.S. ——, 111 S.Ct. 2250, 114 L.Ed.2d 491. Two rules of application follow from this proposition: (1) If an issue was litigated on direct appeal the answer there is res judicata and the issue is not subject to further review; and (2) If the issue was available for litigation in direct appeal but was not in fact raised, it has been waived.

■■■ Secondly, such proceedings are civil in nature and in the trial court the petitioner bears the burden of proof to demonstrate that he is entitled to relief. The consequence of this on appeal is that we will not reverse an adverse determination on the merits unless the evidence is without dispute and leads inescapably to a conclusion opposite that reached by the trial court.

■■■ Thirdly, post-conviction proceedings, as a belated appeal from a judgment, subject a petitioner to the operation of the contemporaneous objection rule; that a matter to which no timely and proper objection was made will not serve as a basis for reversal on appeal.

Thus, where a petitioner has been tried and convicted and has had the benefit of a direct appeal, the post-conviction rules contemplate a rather small window for further review. Included therein on an initial post-conviction review [1] are errors, if any, that are so blatant and serious that to ignore them would constitute a denial of fundamental due process, *i.e.,* fundamental error, and whether a petitioner was afforded his constitutional right to the effective assistance of counsel.

■■■ Concerning the latter, where a petitioner was represented by the same counsel both at trial and on direct appeal, he may initially raise in his post-conviction relief request the assertion that he was denied the effective assistance of trial counsel. That is because we will not attribute to him the failure of counsel to assert his own ineffective assistance. On the other hand, where counsel other than trial counsel represented the petitioner in his direct appeal, the claim was available on direct appeal and waiver results from the failure to have raised it. At that juncture the only viable contention may be that the petitioner was denied the effective assistance of appellate counsel.

Our decisions recognize that under the standard of *Strickland v. Washington* (1984) 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, a single error may be of such magnitude as to constitute a denial of effective assistance. It follows from this that a claim of ineffective assistance may not be determined solely on the basis of the number of things counsel did vigorously and correctly. Understandably, this has led petitioners to assert under the rubric of an ineffective assistance claim a litany of individual contentions of error not previously addressed.

■■■ On the other hand, the task of the trial lawyer is to persuade the court or jury for the benefit of his client. Throughout trial he must continually assess and determine whether his task (which he takes to include the jury's assessment of both himself and his client) is aided or hampered by a particular question, piece of evidence or objection. It is in recognition of the legitimacy in making those assessments that courts of appeal will not second guess questions of strategy and tactics unless the

---

**1.** Subsequent petitions may require less rigorous review. *See, e.g., Baum v. State* (1989) Ind., 533 N.E.2d 1200 (claimed ineffective assistance of post-conviction relief counsel).

choice readily appears to have been so poor that no reasonable lawyer would have been tempted by it.

In a similar vein appellate counsel must make choices of what to present to the court on appeal. As our Supreme Court in *Jones v. Barnes* (1983) 463 U.S. 745, 753, 103 S.Ct. 3308, 3313, 77 L.Ed.2d 987 quoted with approval from Justice Jackson:

> Legal contentions, like the currency, depreciate through over-issue. The mind of an appellate judge is habitually receptive to the suggestion that a lower court committed an error. But receptiveness declines as the number of assigned errors increases. Multiplicity hints at lack of confidence in any one....

One consequence is that good lawyering begets questions or issues foregone and these become the meat for subsequent proceedings and allegations of ineffective assistance.

The Supreme Court considered this dilemma and the careful balancing process that must be achieved in *Strickland v. Washington, supra*. After determining a standard under which counsel's actions might be judged for permissible appropriateness, the Court addressed the *qualitative* standard of resulting prejudice necessary to require reversal. The Court stated:

> The defendant must show that there is a *reasonable probability* that, but for counsel's unprofessional errors, *the result* of the proceeding *would have been different*. A reasonable probability is a probability *sufficient to undermine confidence in the outcome*.

466 U.S. at 695, 104 S.Ct. at 2068. (Our emphasis)

The quality of proof thus required should be distinguished from and contrasted with the proof of prejudice necessary to secure a reversal in a direct appeal based upon an asserted error to which a contemporaneous objection was properly made.

We turn now to the claims advanced by McBride and Grooms. McBride asserts that he was denied the effective assistance of counsel at trial. He argues seventeen specifications concerning things done or not done by trial counsel. Grooms makes the same assertion with seventeen specifications. These contentions were available after trial and have been waived because they were not asserted in the direct appeal where McBride and Grooms were represented by different counsel than their trial attorney.

■ McBride asserts ineffective assistance of appellate counsel because of counsels' "failure to present all issues available to appellant, violating his constitutional guarantee to effective assistance of counsel." The failure to present all nonfrivolous issues, even when expressly requested by a client, does not establish ineffective assistance of counsel. *Jones v. Barnes, supra*. McBride additionally specifies the failure of appellate counsel to assert that trial counsel had a conflict of interest and their failure to challenge the court's ruling permitting a witness to not state his current address. Both contentions fail since McBride has wholly failed to establish that had the errors been raised there was a reasonable probability that the outcome would have been different. In addition, the contentions must fail on appeal for the failure of the argument supporting them to comply with the requirements of AR 8.3(A)(7) which requires a clear showing of how the issues and contentions relate to the particular facts of the case.

Grooms' appeal asserts six other contentions. First, he asserts the court committed fundamental error because the state failed to prove the corpus delicti in that it failed to establish that the body found was that of Katherine Ann Whitman. Bypassing whether such an omission would constitute fundamental error, the simple answer to the contention is that without objection, both a police officer and the autopsy report identified the victim as Ms. Whitman and the post-conviction court so found.

■ Grooms next asserts that all his allegations must be deemed admitted because the state failed to deny them in answer to his amended petition for post-conviction relief. Grooms acknowledges that the state's answer to the original petition properly denied his factual allegations.

That was sufficient for the court to deem them denied in the amended petition. *See Bivins v. State* (1985) Ind., 485 N.E.2d 89; *State v. Fair* (1983) 450 N.E.2d 66.

Grooms contends there was a conflict of interest involving the attorney who represented him prior to the trial and that three prosecution witnesses were rewarded for their testimony. He makes no showing that these contentions were not available to him on direct appeal. The trial court determined that both were waived since they could have been presented on direct appeal and that furthermore Grooms failed to establish the merits of his assertions. We agree with both determinations.

Finally, Grooms argues that he was denied the effective assistance of appellate counsel. He presents three specifications, including the corpus delicti argument already discussed. His argument on these points totally fails to establish that had the points been raised on direct appeal the result would have been any different. He has failed to demonstrate ineffective assistance of appellate counsel.

The judgments denying relief are affirmed.

HOFFMAN, P.J., and STATON, J., concur.