**Mark J. MAURICIO, Appellant–Petitioner,**

v.

**STATE of Indiana, Appellee–Respondent.**

**No. 02A03–9404–PC–167.**

Court of Appeals of Indiana.

June 26, 1995.

Rehearing Denied Oct. 4, 1995.

Transfer Denied Dec. 13, 1995.

Jane Ruemmele, Gilman & Ruemmele, Indianapolis, for appellant.

Pamela Carter, Atty. Gen., Suzann Weber Lupton, Deputy Atty. Gen., Indianapolis, for appellee.

## OPINION

HOFFMAN, Judge.

Appellant-petitioner Mark J. Mauricio appeals from the denial of his petition for post-conviction relief following his conviction for murder, a felony. The facts relevant to this appeal disclose that Mauricio was convicted by a jury of murder and felony murder after an incident in which he shot and killed a woman who attempted to stop him and his brother, Arnold Mauricio, from stealing two snowmobiles. Mauricio was sentenced to a term of sixty years' imprisonment on the felony murder conviction. Mauricio and his brother, Arnold,[1] who were tried jointly, took a direct appeal of their convictions which

---

1. Habeas corpus relief for co-defendant Arnold Mauricio was granted by the Seventh Circuit in *Mauricio v. Duckworth* (7th Cir.1988), 840 F.2d 454.

were affirmed. *See Mauricio v. State* (1985), Ind., 476 N.E.2d 88. On direct appeal, Mauricio challenged only the sufficiency of the evidence.

On February 20, 1987, Mauricio filed a *pro se* petition for post-conviction relief. With the assistance of counsel, the petition was amended. The trial court ordered Mauricio to submit the record of the proceedings and briefs on the issues. A second amended petition was filed along with briefs from both Mauricio and the State addressing the additional claims. Thereafter, the State filed a motion for summary judgment which was granted by the post-conviction court on December 16, 1993. Mauricio now appeals. Additional facts relevant to the issues on appeal will be provided as necessary.

The issues presented for review are:

(1) whether Mauricio was denied due process of law when the State failed to provide the name of a witness introduced to rebut Mauricio's co-defendant's alibi;

(2) whether Mauricio was denied due process of law when the State introduced hearsay testimony in violation of *Patterson v. State* (1975), 263 Ind. 55, 324 N.E.2d 482; and

(3) whether Mauricio was denied due process of law where references were made to his post-arrest silence.

In a proceeding for post-conviction relief, the petitioner bears the burden to establish his grounds for relief by a preponderance of the evidence. *Sims v. State* (1989), Ind.App., 547 N.E.2d 895, 896, *trans. denied.* To prevail on appeal from the denial of post-conviction relief, a petitioner must demonstrate that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite of that reached by the trial court. *Weatherford v. State* (1993), Ind., 619 N.E.2d 915, 916.

Post-conviction proceedings are not meant to provide a substitute for direct appeal; rather, they provide a means for raising issues not known at the time of the original appeal or for some reason not available at that time. An issue available for litigation at the time of the direct appeal but not raised, is subject to waiver. *McBride v. State* (1992), Ind.App., 595 N.E.2d 260, 262, *trans. denied.* "[W]here a petitioner has been tried and convicted and has had the benefit of a direct appeal, the post-conviction rules contemplate a rather small window for further review." *Id.* Such review is limited to fundamental error; error so blatant and serious that to ignore it would constitute a denial of fundamental due process and whether a petitioner was afforded the constitutional right to effective assistance of counsel. *Id.* The three issues raised by Mauricio for review were not raised on direct appeal; hence, he now asserts that his counsel on direct appeal was ineffective. The standard for determining ineffective assistance of appellate counsel is the same as that governing ineffective assistance of trial counsel. *Marshall v. State* (1993), Ind., 621 N.E.2d 308, 321. A conviction may be reversed for ineffective assistance of counsel only when the petitioner demonstrates both a deficient performance by counsel and resulting prejudice from errors of counsel so as to deprive the petitioner of a trial in which the result is reliable. *Davis v. State* (1992), Ind., 598 N.E.2d 1041, 1051, *cert. denied* —— U.S. ——, 114 S.Ct. 392, 126 L.Ed.2d 340.

Mauricio asserts that he was denied due process of law when the State failed to provide him with notice of a witness, Sharon McDonald, who was introduced by the State on rebuttal. At trial, co-defendant Arnold presented an alibi defense. Mauricio who was apprehended near the scene, shortly after the murder, provided no alibi. Arnold's alibi defense was supported by testimony of his girl friend, Lisa Michael, and her parents, William and Janice Tuttle. To rebut the alibi defense, the State presented the testimony of McDonald. On rebuttal, McDonald stated that she was present and overheard a conversation between Lisa Michael and her mother, Janice, where they agreed to testify falsely in support of Arnold's alibi.

The only statement by McDonald which made reference to Mauricio was McDonald's testimony that "I asked her [Lisa Michael] was she involved and she said no that Junior [Arnold] and Mark were." Arnold entered an immediate objection, arguing that the

State had provided no discovery regarding McDonald and that her testimony should have been introduced in the State's case-in-chief. Mauricio joined in Arnold's objection and requested a mistrial. The trial court overruled the motions for mistrial but promptly admonished the jury to disregard McDonald's statement as it was hearsay.

In *Mauricio v. Duckworth* (7th Cir.1988), 840 F.2d 454 *cert. denied* 488 U.S. 869, 109 S.Ct. 177, 102 L.Ed.2d 146, the court held that co-defendant Arnold Mauricio was deprived of due process of law when Arnold was required to disclose his alibi witnesses but was prevented from obtaining reciprocal discovery of the names of the State's alibi rebuttal witnesses. *Id.* at 457–459. The federal court noted that the decision to omit McDonald's name from the State's witness list was deliberate and deprived Arnold of "the opportunity *pre-trial* to make a fully informed decision as to whether or not to put on an alibi defense." *Id.* at 458, n. 6. The court further held that the error was not harmless beyond a reasonable doubt as the evidence of Mauricio's identification was "circumstantial" and because McDonald's testimony that Arnold had put forth false alibi evidence most likely had an undue influence on the jury's determination of his guilt. *Id.* at 459–460.

■ Mark Mauricio's reliance on his co-defendant's *habeas corpus* proceeding is unavailing. Unlike his co-defendant, the evidence of Mark Mauricio's identity was substantial. Further, Mark Mauricio did not put forth any alibi evidence. McDonald's rebuttal testimony attacked Arnold's alibi. McDonald's single reference to Mauricio was objected to and the trial court promptly admonished the jury to disregard McDonald's statement. A prompt admonishment is presumed to cure error resulting from the admission of improper evidence. *Elswick v. State* (1991), Ind.App., 565 N.E.2d 1123, 1126, *trans. denied.* Juries are presumed to follow instructions to disregard such evidence. *See id.* As no statement regarding Mauricio remained as part of the evidence and because the court took prompt and appropriate action to eliminate the possibility of

prejudice as to Mauricio, he has failed to show how he was harmed by McDonald's testimony.

■ As noted by the post-conviction court, because the testimony was not accepted into evidence, Mauricio would be entitled to reversal only if he could demonstrate that the court erred in denying his motion for mistrial. The granting of a mistrial lies within the sound discretion of the trial court and will be reversed upon a showing of clear error. *Scott v. State* (1987), Ind., 510 N.E.2d 170, 173, *cert. denied* 484 U.S. 978, 108 S.Ct. 492, 98 L.Ed.2d 490. A mistrial is an extreme remedy and is warranted only when lesser curative measures will not suffice.

■ Further, error may be harmless if the conviction is otherwise supported by independent evidence. *Id.* Unlike the evidence supporting Arnold Mauricio's conviction, the evidence of Mark Mauricio's guilt was overwhelming. Mark Mauricio was apprehended hiding near the scene underneath an abandoned house; he was positively identified by two witnesses as the shorter of the two assailants and as the one with the gun. Although the gun used in the incident was never found, Mark Mauricio admitted that he had access to a handgun of the same caliber, .25, as a shell casing was found at the scene. The trial court did not err in denying Mauricio's motion for mistrial. As to Mark Mauricio, any error in McDonald's testimony was harmless. *Cf. Mauricio,* 840 F.2d 454. Without a showing of harm, Mauricio cannot show that but for counsel's failure to raise this issue, the results of his appeal would have been different.

■ Mauricio also argues that McDonald's testimony that Lisa Michael claimed that "Junior [Arnold] and Mark were involved," constitutes hearsay testimony in violation of *Patterson v. State* (1975), 263 Ind. 55, 324 N.E.2d 482,[2] the evidentiary rule in effect at the time of trial. As previously pointed out, the trial court admonished the jury to disregard McDonald's statement as it was hearsay; thus, no *Patterson* violation existed. Appellate counsel cannot be faulted

2. Overruled in *Modesitt v. State* (1991), Ind., 578 N.E.2d 649.

for failing to raise this issue on review. *See Lyons v. State* (1992), Ind.App., 600 N.E.2d 560, 567 (counsel is not ineffective for failing to raise an issue on appeal which would have been unsuccessful).

Finally, Mauricio claims he was denied due process of law when the State referred to his post-arrest silence in violation of *Doyle v. Ohio* (1976), 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91. In *Doyle,* the United States Supreme Court found that for the state to induce a defendant's silence by *Miranda* warnings and then to use the defendant's silence to impeach his trial testimony, violates the Due Process Clause of the Fourteenth Amendment. *Id.* at 618–619, 96 S.Ct. at 2245, 49 L.Ed.2d at 98.

▮ Mauricio challenges the following questions asked of him by the State on cross-examination:

"1. Were you hollering or saying anything before the girls said anything?

2. But you still deny that you were saying anything before she identified you?

3. Were you calling them liars?

4. And you said nothing?

5. No words?

6. No words came out of your mouth?"

7. When you were arrested you were given the opportunity to talk to the police, were you not?

[Objection made and sustained here.]

8. Who have you told, besides us today, this story?

9. Just your lawyer?"

▮ As for the first six of questions challenged by Mauricio, there was no *Doyle* violation. The first six questions are related not to Mauricio's failure to tell his exculpatory story before trial, but rather to the inconsistency between Mauricio's account of the confrontation on Schick street and the accounts given by two witnesses. At trial, the witnesses testified that upon being returned to the scene of the crime, Mauricio yelled protests at them. The witnesses identified Mauricio, in part, by his voice. Mauricio, on the other hand, stated that he did not speak after being returned to the scene. As the post-conviction court points out, once placed in context, the first six questions challenged by Mauricio were not comments on his failure to tell his story before trial.

Likewise, no *Doyle* violation occurred in the seventh question when the State attempted to elicit testimony as to Mauricio's opportunity to talk with the police. *See Nicks v. State* (1992), Ind., 598 N.E.2d 520, 524 (where testimony indicated merely that appellant was interviewed by police officers, potential for abuse of his right to remain silent was clearly too attenuated to amount to a *Doyle* violation). Moreover, the trial court sustained Mauricio's objection to this question.

▮ The post-conviction court recognized that questions numbered eight and nine did constitute inappropriate comments on Mauricio's post-arrest silence. The mere discovery of a *Doyle* violation, however, is not *per se* grounds for relief. *Doyle* violations are subject to a harmless error review. *Henson v. State* (1987), Ind., 514 N.E.2d 1064, 1067; *Bieghler v. State* (1985), Ind., 481 N.E.2d 78, 92, *cert. denied* (1986), 475 U.S. 1031, 106 S.Ct. 1241, 89 L.Ed.2d 349.

▮▮ Indiana courts look to the following five factors to assist in the analysis as to whether a *Doyle* violation constitutes harmless error:

"1) the use to which the prosecution puts the postarrest silence; 2) who elected to pursue the line of questioning; 3) the quantum of other evidence indicative of guilt; 4) the intensity and frequency of the reference; and 5) the availability to the trial judge of an opportunity to grant a motion for mistrial or to give curative instructions."

*Henson,* 514 N.E.2d at 1067. In the present case, although the State did elect to pursue the line of questioning, Mauricio does not allege, nor does the record reveal, that the State made any further use of the statements. More importantly, the quantum of evidence indicative of Mauricio's guilt is overwhelming. Further, the trial court did not decline to admonish the jury to disregard the disputed questioning; rather, there was no opportunity for the court to rule since no

objection was made, a factor weighing in favor of finding any *Doyle* violation harmless. *See Bieghler,* 481 N.E.2d at 92. Therefore, the post-conviction court's conclusion that any violation was minimal at best and harmless beyond a reasonable doubt, was not error.

 Additionally, Mauricio has failed to show that there was a reasonable probability the outcome of his trial would have been different had objections been made. Hence, Mauricio's defense was not prejudiced by either counsel's failure to object to the questions or appellate counsel's failure to raise the issue on appeal. *See Best v. State* (1991), Ind., 566 N.E.2d 1027, 1031. There being no finding of reversible error, the judgment of the post-conviction court is affirmed.

Affirmed.

GARRARD and STATON, JJ., concur.