Leland D. SHOULDERS, Appellant,

v.

STATE of Indiana, Appellee.

No. 883S298.

Supreme Court of Indiana.

May 4, 1984.

Susan K. Carpenter, Public Defender, Carolyn J. Fitch, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Lee Cloyd, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was convicted by a jury of second-degree murder. On July 7, 1969, he was sentenced to a term of life imprisonment. He waived his right to appeal the conviction. On October 22, 1981, appellant filed his petition for post-conviction relief, which was denied. He now appeals the adverse decision on that petition.

Appellant first alleges that the post-conviction court erred by requiring him to present evidence on his petition after granting his motion for default judgment. The court defaulted the State on December 2, 1982, for failure to file a timely answer to appellant's petition. On December 22, 1982, the court held a hearing on the merits of the petition.

The effect of the default judgment is that the facts as alleged in the petition are deemed admitted. *See State v. Fair,* (1983) Ind., 450 N.E.2d 66; *Purcell v. State,* (1975) 165 Ind.App. 47, 330 N.E.2d 779. However, the court must determine whether as a matter of law the facts as alleged in the petition entitle the petitioner to relief. *Fair, supra; Lloyd v. State,* (1979) 270 Ind. 227, 383 N.E.2d 1048.

We cannot agree with appellant that the court erred by ordering an evidentiary hearing to assist in its determination. Trial Rule 55(B) provides that even though a default has been granted, a court may conduct a hearing to enable it to enter a judgment.

"(B) Default judgment. In all cases the party entitled to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered against a person known to be an infant or incompetent unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by a representative, his representative) shall be served with written notice of the application for judgment at least three [3] days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearing or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required."

Appellant urged that his conviction be set aside on the grounds that he was not notified of his arrest, that newly discovered evidence existed, and that he was denied adequate assistance of counsel. He alleges he was detained from November 3, 1968, through December 9, 1968, without an arrest warrant or any court appearance. He also alleges his trial attorney never

presented evidence in his defense, but instead sat and "watched the jury find petitioner guilty." We note that appellant alleged no facts in support of the ground of newly discovered evidence.

■ The facts as alleged clearly raise issues of material fact, and are conclusory as to questions of law. We find no abuse of the post-conviction court's discretion in conducting an evidentiary hearing when confronted with the facts alleged by appellant. We further find that the court did not err in finding that appellant did not sustain his burden of proof. As discussed *infra*, entering of the default did not summarily dispose of the petition in appellant's favor. Appellant's argument that he had met his burden of proof, because the facts as alleged were deemed admitted, is without merit.

Appellant next contends his rights under Article I, § 13 of the Indiana Constitution and the Sixth and Fourteenth Amendments of the United States Constitution were abridged due to his "pre-arraignment detention." The fatal stabbing for which appellant was convicted occurred in the Indiana Reformatory at Pendleton, where appellant was an inmate. The stabbing occurred November 3, 1968. That evening Department of Correction officials placed appellant in administrative segregation. He was indicted by a grand jury on December 4, 1968, and appeared in court on December 9, 1968, for an arraignment hearing. During the arraignment the trial court appointed counsel to represent him.

■ Appellant argues that his "detention" precluded him from interviewing witnesses and seeking the assistance of counsel. He testified at the post-conviction hearing that on the night of November 3, 1968, he was "read his rights" and "put in the hole" at the Reformatory; however, the record is silent regarding an actual arrest on that date. The discipline by correction officials was not a *de facto* arrest. *See United States v. Clardy*, (1976) 540 F.2d 439; *cert. denied*, (1976) 429 U.S. 963, 97 S.Ct. 391, 50 L.Ed.2d 331. Appellant was not a "pre-trial detainee", and conse-

quently speedy trial rights did not come into play until appellant was indicted. *Id.* We find no merit in appellant's argument that his discipline led to an abridgment of the constitutional rights.

■ Similarly, we cannot agree with appellant's corollary argument that the administrative segregation abridged his right to confront witnesses, *Pointer v. Texas*, (1965) 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923, and his right to compel the attendance of witnesses in his behalf, *Washington v. Texas*, (1967) 388 U.S. 14, 87 S.Ct. 1920, 18 L.Ed.2d 1019. Appellant makes no showing that after his arraignment he was denied access to his attorney or to potential witnesses. He presents no evidence that the trial court denied the fundamental rights set out in the two cases which he cites. We cannot accept that any alleged denial of due process rights he suffered during the period of administrative segregation is analogous to the denial of compulsory process by a trial court.

■ Appellant next alleges that the existence of newly discovered evidence necessitates the granting of a new trial. The transcript of the original trial was not entered into evidence at the postconviction hearing. Without the transcript, the trial court could not, nor can we, determine whether appellant successfully met his burden of proof with respect to the issue of newly discovered evidence. *Popplewell v. State*, (1981) Ind., 428 N.E.2d 15; *Brown v. State*, (1981) Ind., 417 N.E.2d 333.

Appellant's final contention is that he was denied the effective assistance of counsel. He alleges that his attorney failed: to interview any of the defense witnesses; to interview and depose several witnesses to the stabbing incident; to effectively cross-examine the State's witnesses; and to file a motion for change of venue.

■ The standard of review of an issue of inadequacy of counsel is the mockery of justice test as modified by the adequate legal representation standard.

*Douglas v. State,* (1982) Ind., 441 N.E.2d 957; *Lindley v. State,* (1981) Ind., 426 N.E.2d 398. We will not speculate as to what may have been the most advantageous strategy in a particular case. "Isolated poor strategy, inexperience, or bad tactics do not necessarily amount to ineffective counsel." *Howell v. State,* (1983) Ind., 453 N.E.2d 241, 243.

 Appellant's conclusory assertion in his petition, that his attorney presented no defense, is not borne out in that part of the record which is available to this Court. A motion to quash the indictment was litigated but denied by the trial court. The assertion that trial counsel failed to interview his fellow inmates is refuted by counsel's petition for fees, which asserts that defense counsel spent three hours at the Reformatory in that pursuit. In addition, counsel acquired and used the testimony of an expert witness, presented evidence in appellant's behalf, and cross-examined the State's witnesses. We will not disturb the post-conviction judge's finding that appellant was not denied effective representation.

The post-conviction court is in all things affirmed.

All Justices concur.