**ESTATE OF Harry EBERHARD,
Appellant–Defendant,**

v.

**ILLINOIS FOUNDERS INSURANCE
COMPANY, Appellee–Plaintiff.**

No. 49A02–0004–CV–266.

Court of Appeals of Indiana.

Dec. 13, 2000.

Publication Ordered Jan. 8, 2001.

Karen Tallian, Eberhard & Gastineau, Portage, Indiana, Attorney for Appellant.

Michael Lulich, Michael K. Lulich & Associates, Avon, Indiana, Attorney for Appellee.

## OPINION

KIRSCH, Judge.

The Estate of Harry Eberhard (Estate) appeals from the grant of summary judgment in favor of Illinois Founders Insurance Company (Founders), arguing that the trial court erred in determining that the Founders policy issued to Donna Flannigan provides no coverage for liability arising out of the car accident that resulted in Harry Eberhard's death.

We affirm.

## FACTS AND PROCEDURAL HISTORY

On October 6, 1997, Flannigan was escorting an oversized semi-tractor trailer driven by Philip Foster on a trip from Illinois to Indianapolis.[1] Upon arriving in Indianapolis, Foster became lost and attempted to turn around. While the tractor trailer was perpendicular to and fully blocking the road, Eberhard drove his car into it, killing him. His Estate brought suit for wrongful death against Foster and Flannigan.

Founders, Flannigan's automobile insurer, filed a declaratory judgment action seeking a determination that it was not required to provide Flannigan coverage under its policy in these circumstances. Both parties moved for summary judgment, and the trial court granted Founders's motion. The Estate now appeals.

## DISCUSSION AND DECISION

The Estate contends that the trial court erred in granting summary judgment to Founders on its claim. Summary judgment is appropriate when the designated evidence demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Warner Trucking, Inc. v. Carolina Cas. Ins. Co.*, 686 N.E.2d 102, 104 (Ind.1997). The purpose of summary judgment is to terminate litigation about which there can be no factual dispute. *Foster v. Evergreen Healthcare, Inc.*, 716 N.E.2d 19, 23–24 (Ind.Ct.App.1999),*trans. denied* (2000); *see* Ind. Trial Rule 56(C) (summary judgment "shall be rendered forthwith if the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.").

When reviewing a motion for summary judgment, this court applies the same standard utilized by the trial court, and we resolve any doubt as to a fact, or an inference to be drawn therefrom, in favor of the party opposing summary judgment. *Bamberger & Feibleman v. Indianapolis Power & Light Co.*, 665 N.E.2d 933 (Ind.Ct. App.1996). We will affirm a trial court's grant of summary judgment if it is sustainable on any theory found in the evidence designated to the trial court. *Id.*

■ The interpretation of an insurance policy, as with other contracts, is primarily a question of law for the court, even if the policy contains an ambiguity needing resolution. *Indiana Ins. Co. v. American Community Servs., Inc.*, 718 N.E.2d 1147, 1153 (Ind.Ct.App.1999); *Tippecanoe Valley Sch. Corp. v. Landis*, 698 N.E.2d 1218, 1220 (Ind.Ct.App.1998), *trans. denied* (1999). A court may not rewrite an insurance contract. *Tippecanoe Valley School Corp.*, 698 N.E.2d at 1221. If an insurance contract is clear and unambiguous, the language must be given its plain meaning. *Allstate Ins. Co. v. Boles*, 481 N.E.2d 1096, 1101 (Ind.1985); *Indiana Ins. Co.*, 718 N.E.2d at 1153; *Tippecanoe Valley Sch. Corp.*, 698 N.E.2d at 1221. However, if there is an ambiguity, the policy should be interpreted most favorably to the insured, and construed to further the policy's basic purpose of indemnity. *Indiana Ins. Co.*, 718 N.E.2d at 1153. Ambiguity in an insurance policy exists when the language is susceptible to more than one interpretation and reasonably intelligent persons could honestly differ as to the meaning of the policy language. *Cincinnati Ins. Co. v. BACT Holdings, Inc.*, 723 N.E.2d 436, 439–40 (Ind.Ct.App.2000), *trans. denied.*

■ The parties agree that the policy contains an exclusion from liability coverage for the use of any vehicle while the insured is employed or otherwise engaged in any business. Business is defined in the policy as including a trade, profession, or

1. Indiana law requires an escort vehicle to accompany certain oversized loads operating on a special permit. The parties agree that Foster was legally required to be accompanied by an escort vehicle in this case.

occupation. We find that the relevant provision here unambiguously excludes all business uses of Flannigan's personal automobiles. *See Alderfer v. State Farm Mut. Auto. Ins. Co.,* 670 N.E.2d 111, 113 (Ind. Ct.App.1996) (noting that business-use exclusion focuses on how car is being used). The designated evidence shows that Flannigan agreed to escort Foster's semi-tractor trailer after answering a telephone call placed to her mother's vehicle escort business. She placed special lights and flags on her personal car, met Foster at a designated spot, and followed him as he drove from Illinois to Indianapolis. After she returned home, she sent an invoice for her services to Foster's employer and received payment by check. These undisputed facts demonstrate that Flannigan was using her personal vehicle for a business purpose at the time of the accident. Thus, the business activity exclusion applies here and the policy provides no coverage to Flannigan in this situation.

The Estate, however, maintains that the exception to the business-use exclusion, which states that the exclusion does not apply to the maintenance or use of a private passenger vehicle, is relevant here. It contends that the exception applies because Flannigan was using her car as a private passenger vehicle at the time of the accident.

The Estate's interpretation of the exception would negate the exclusion altogether. The liability coverage in Flannigan's policy pertains to bodily injury caused by her use of her personal automobile. The exclusion then explains that the policy does not provide coverage when Flannigan is using *her personal automobile* for a business use. For the Estate to then counter that the exclusion does not apply to cases in which she was using her personal automobile would render the exclusion meaningless. Courts will make all attempts to construe the language in a contract so as not to render any words, phrases, or terms ineffective or meaningless. *Exide Corp. v. Millwright Riggers,*

*Inc.,* 727 N.E.2d 473, 482 (Ind.Ct.App. 2000), *trans. denied.* Accordingly, we cannot agree with the Estate's interpretation of the contract. The exception to the business use exclusion does not apply here. Flannigan was not using her vehicle as a private passenger vehicle at the time of the accident. Founders's personal automobile policy provides no coverage under these circumstances because Flannigan was using her vehicle for business when the accident occurred. Therefore, the trial court did not err in granting Founders's motion for summary judgment.

Affirmed.

NAJAM, J., and VAIDIK, J., concur.

### ORDER

This Court having heretofore handed down its opinion in this appeal on December 13, 2000, marked a Memorandum Decision, Not for Publication;

Comes now the Appellee, by counsel, and files herein its Petition for Publication of Decision, alleging therein that the opinion discusses the exception to the Business Use Exclusion regarding maintenance and use of personal automobile and the meaning of the term personal automobile policy as it applies to business use; that said opinion will aid insurance professionals and insureds in making coverage determinations both during a claim stage and during the course of litigation and prays this Court to enter an order publishing said Memorandum Decision, which said Petition is in the following words and figures, to-wit:

(H.I.)

And the Court, having examined said Petition and being duly advised, now finds that the same should be granted and that this Court's opinion in this appeal heretofore handed down as a Memorandum Decision, Not for Publication, now should be ordered published.

IT IS THEREFORE ORDERED as follows:

The Appellee's Petition for Publication of Decision is granted and this Court's opinion heretofore handed down in this cause on. December 13, 2000, marked Memorandum Decision, Not for Publication, is now ordered published.