**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Dec 18 2014, 8:00 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANTS:

**PHILLIP J. TROYER**
Leawood, Kansas

ATTORNEYS FOR APPELLEES:

**JEREMY S. ROGERS**
**ANTHONY M. ZELLI**
Dinsmore & Shohl LLP

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ROGER BERGHS, KAREN BERGHS, and REX HARRIS, | ) | |
| | ) | |
| Appellants-Plaintiffs, | ) | |
| | ) | |
| vs. | ) | No. 02A04-1312-PL-642 |
| | ) | |
| PLANET ANTARES, INC., PURCO CORPORATION and DANA M. BASHOR, | ) | |
| | ) | |
| Appellees-Defendants. | ) | |

APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable Craig J. Bobay, Judge
Cause No. 02D01-1103-PL-84

**December 18, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Roger Berghs, Karen Berghs, and Rex Harris (collectively, "Berghs") bought vending machine franchises from Planet Antares. After Berghs experienced mechanical problems with the vending machines, they sued Planet Antares;[1] Dana Bashor, who is Planet Antares' president, CEO, and sole director and shareholder; and Purco Corp., of which Bashor is president and sole shareholder (collectively, "Franchisor"). After a bench trial, the trial court found for Franchisor and declined to enter a default judgment against Franchisor for purported discovery violations.

Berghs raise five issues on appeal, four of which we address:[2] 1) whether the trial court abused its discretion when it declined to enter a default judgment for Berghs; (2 whether the trial court misapplied the parol evidence rule; 3) whether Berghs relied on the representations they assert violated the Indiana Franchise Act; and 4) whether Bashor committed criminal deception.

We affirm.

## FACTS AND PROCEDURAL HISTORY

Planet Antares is a California corporation that sold vending machine franchises. Purco is a California corporation that bought vending machines from manufacturers on behalf of Planet Antares' distributors or franchisees. In March 2009, Berghs attended a Planet Antares marketing seminar in Fort Wayne. They determined a vending machine

---

[1] Planet Antares is a named party, but at the time of the judgment now being appealed, Planet Antares was subject to a bankruptcy stay. The trial court therefore did not adjudicate any of the Berghs' claims against Planet Antares.

[2] As there was no Franchise Act violation, we do not address Bashor's individual liability for such violation.

franchise would be profitable for them after a sales representative showed them a hypothetical investment involving hot dog carts. The example the salesperson used was not approved by Planet Antares or Bashor. Berghs bought a "Refreshment Deli," (Appellants' App. at 299), vending machine franchise from Planet Antares.

As part of the seminar, Berghs were provided a Financial Disclosure Document ("FDD")[3] issued November 12, 2008, that indicated Planet Antares had no pending litigation. In fact, one lawsuit against Planet Antares had been settled a few days before the seminar and a second lawsuit had been filed against Planet Antares a month before the seminar alleging fraudulent misrepresentation. The FDD listed as "concluded matters," (*id*. at 241), nine actions including various complaints of misrepresentation by Planet Antares. That section indicated: "Other than the actions listed above, no litigation is required to be disclosed in this Disclosure Document." (*Id*. at 243.) In fact, case files Bashor provided in May 2013 indicated Planet Antares had settled three other lawsuits premised on similar grounds.

The FDD also stated: "We do not make any representations about a franchisee's future financial performance or the past financial performance of company-owned or franchised outlets. We also do not authorize our employees or representatives to make any such representations either orally or in writing." (*Id*. at 253.)

Berghs signed a Franchise Agreement that explicitly provided they were "not relying on any representations or statements made by Seller or Seller's representative

---

[3] The FDD is required by Ind. Code § 23-2-2.5-13, which provides a registration notification form filed under the Franchise Act shall be accompanied by a copy of a disclosure statement "in a form prescribed by the commissioner or in a form permitted under 16 CFR 436, as amended."

which are not specifically included in the Franchise Disclosure Document or this Agreement," (*id*. at 302), and were relying solely on representations and statements contained in the Agreement and the FDD. That Agreement went on to state: "Purchaser acknowledges that no oral or written sales, income or earnings claims have been made or implied by Seller or its sales representatives." (*Id*.)

Berghs sued Franchisor, raising claims of breach of contract, breach of warranty, and criminal deception. After a bench trial in August 2013, the court found for Franchisor on all claims. Berghs appeal that judgment and they also assert on appeal the trial court should have entered a default judgment against Franchisor because Franchisor purportedly concealed certain discovery documents.

## DISCUSSION AND DECISION

When a court has made special findings of fact, an appellate court reviews sufficiency of the evidence using a two-step process. *Yanoff v. Muncy*, 688 N.E.2d 1259, 1262 (Ind. 1997). First, it determines whether the evidence supports the findings of fact; second, it determines whether those findings of fact support the conclusions of law. *Id.* Findings will be set aside only if they are clearly erroneous. *Id.* Findings are clearly erroneous if the record contains no facts to support them either directly or by inference. *Id.* A judgment is clearly erroneous if it applies the wrong legal standard to properly found facts. *Id.* To determine a finding or conclusion is clearly erroneous, an appellate court's review of the evidence must leave it with the firm conviction that a mistake has been made. *Id.* On appeal, we neither reweigh evidence nor judge the witnesses' credibility. *Shady v. Shady*, 858 N.E.2d 128, 143 (Ind. Ct. App. 2006), *trans. denied*.

1.      Default Judgment

The trial court's discretion in granting or denying a motion for default judgment is considerable. *Progressive Ins. Co. v. Harger,* 777 N.E.2d 91, 94 (Ind. Ct. App. 2002). However, the trial court should use its discretion to do what is just in light of the unique facts of each case. *State Farm Mut. Auto. Ins. Co. v. Hughes,* 808 N.E.2d 112, 116 (Ind. Ct. App. 2004). We will reverse only if the decision is clearly against the logic and effect of the facts and circumstances. *Progressive Ins. Co.,* 777 N.E.2d at 94. Default judgments are not generally favored in Indiana, for it has long been the preferred policy of this state that courts decide a controversy on its merits. *Fitzpatrick v. Kenneth J. Allen & Assoc's, P.C.*, 913 N.E.2d 255, 263 (Ind. Ct. App. 2009).

The trial court did not abuse its discretion in declining to enter a default judgment[4] against Franchisor for Franchisor's discovery violations. Berghs' motion for default judgment was premised on discovery that was provided late and that did not include all the lawsuits that had been filed against Bashor or companies in which he owned at least a ten percent interest. Berghs' initial discovery requests were submitted in October 2011. There was evidence before the trial court that some of the undisclosed lawsuits had been concluded more than ten years before Bashor was asked about them, and had lasted for only a few months; the settlement agreements were not signed by Bashor, but by another Planet Antares officer; Bashor had very limited access to Planet Antares' records due to

---

[4] The trial court did, however, award attorney fees to Berghs.

the bankruptcy, and he had made efforts to obtain the information from other sources.[5]

Under those circumstances, it was not an abuse of discretion for the trial court to decline

to enter a default judgment.

2.     Parol Evidence Rule

In general, where the parties to an agreement have reduced the agreement to a

written document and have included an integration clause that the written document

embodies the complete agreement between the parties, as Berghs and Franchisor did, the

parol evidence rule prohibits courts from considering parol or extrinsic evidence for the

purpose of varying or adding to the terms of the written contract. *Krieg v. Hieber*, 802

N.E.2d 938, 943-44 (Ind. Ct. App. 2004). But the prohibition against the use of parol

evidence is not absolute. *Id.* at 944. Parol evidence may be considered if it is not being

offered to vary the terms of the written contract, and to show that fraud, intentional

misrepresentation, or mistake entered into the formation of a contract. *Id.*

Berghs appear to argue the parol evidence rule required the trial court to exclude

evidence Berghs did not read the FDD carefully enough to rely on it. We decline to

address that allegation of error, as Berghs did not support it with legal authority.[6] Indiana

Appellate Rule 46(A)(8)(a) states that the argument section of an appellant's brief "must

---

[5] Berghs do not acknowledge this evidence in their Statement of Facts, in violation of Ind. R. App. P. 46(A)(6) (facts in the Statement of Facts "shall be stated in accordance with the standard of review appropriate to the judgment or order being appealed").

[6] We acknowledge Berghs offer at one point in the parol evidence argument what appears to be intended as a case citation, "*Krieg at 943.*" (Appellant's Br. at 21.) We remind Berghs' counsel of Rule 22 of the Indiana Rules of Appellate Procedure, which states citations are to follow the format put forth in a "current edition of a Uniform System of Citation (Bluebook)."

contain the contentions of the appellant on the issues presented, supported by cogent reasoning. Each contention must be supported by citations to the authorities, statutes, and the Appendix or parts of the Record on Appeal relied on." It is well settled that we will not consider an appellant's assertion on appeal when he has not presented cogent argument supported by authority and references to the record as required by the rules. *Pitman v. Pitman*, 717 N.E.2d 627, 633 (Ind. Ct. App. 1999). A party waives an issue where the party does not provide adequate citation to authority and portions of the record. *Davis v. State*, 835 N.E.2d 1102, 1113 (Ind. Ct. App. 2005), *trans. denied*.

Berghs do argue for the first time in their reply brief that parol evidence may be considered to show that fraud entered into the formation of the contract. But grounds for error may be framed only in an appellant's initial brief; if they are addressed for the first time in the reply brief, they are waived. *Monroe Guar. Ins. Co. v. Magwerks Corp.*, 829 N.E.2d 968, 977 (Ind. 2005). *And see* Ind. Appellate Rule 46(C) ("No new issues shall be raised in the reply brief."). We decline to reverse the trial court based on its application of the parol evidence rule.

3. Indiana Franchise Act

Ind. Code § 23-2-2.5-27 provides:

It is unlawful for any person in connection with the offer, sale or purchase of any franchise, or in any filing made with the commissioner, directly or indirectly:
(1) to employ any device, scheme or artifice to defraud;
(2) to make any untrue statements of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of circumstances under which they are made, not misleading; or
(3) to engage in any act which [sic] operates or would operate as a fraud or deceit upon any person.

The elements of that section are a false statement or omission, materiality, and harm caused by reliance on the statement or omission. *Enservco, Inc. v. Indiana Sec. Div.*, 623 N.E.2d 416, 425 (Ind. 1993). Indiana courts have read a "reasonable reliance" requirement into fraud under the Franchise Act. *Hardee's of Maumelle, Ark., Inc. v. Hardee's Food Sys., Inc.*, 31 F.3d 573, 579 (7th Cir. 1994). Whether a plaintiff's reliance is justified is usually a question for the trier of fact. *Biberstine v. N.Y. Blower Co.,* 625 N.E.2d 1308, 1316 (Ind. Ct. App. 1993), *reh'g denied, trans. denied*.

We cannot say the trial court erred when it determined Berghs did not prove they reasonably relied on the representations they now claim were fraudulent. It so held because 1) Berghs did not read the FDD and therefore could not have relied on representations therein; and 2) if they had read the Franchise Agreement, they would have known it "included provisions disclaiming representations not specifically located *inside* the Franchise Agreement." (Appellants' App. at 27.)

> The testimony of Rex Harris and Karen Berghs[7] indicated
>
> neither actually relied on the representations made in the FDD [the Franchise Disclosure Document Planet Antares gave Berghs]. Karen Berghs testified she did not read the FDD, thus she could not have relied upon it. . . . Harris testified at trial that he did read some of the FDD, but not all of it,[8] despite having the FDD for over two (2) weeks before he signed the Franchise Agreement.

(*Id*. at 28) (footnote added).

---

[7] Roger Berghs did not testify at trial.

[8] The trial court so held. Harris' testimony was that he read the FDD but "not verbatim word for word." (Tr. at 593.)

There was evidence to permit the trial court's finding Berghs did not reasonably rely on representations Franchisor made outside the FDD. In *Hacienda Mexican Rest. of Kalamazoo Corp. v. Hacienda Franchise Grp., Inc.,* 641 N.E.2d 1036, 1040 (Ind. Ct. App. 1994), *trans. denied*, the franchisees claimed, as do Berghs, the Franchisor violated the Franchise Act by making false predictions, promises or representations about the future. We upheld the trial court's finding the Franchisees did not prove they relied on the alleged representations because they signed a disclaimer in the franchise agreement stating they had not received or relied on any guarantees concerning revenues, profits, or success of the franchise. *Id.*

Berghs signed a similar disclaimer, acknowledging they were "not relying on any representations or statements made by Seller or Seller's representative which [sic] are not specifically included in the Franchise Disclosure Document or this Agreement," (Appellants' App. at 302), and in entering into the Agreement they were "relying solely upon representations and statements contained" in the Agreement and the FDD. (*Id.*) They explicitly acknowledged that "no oral or written sales, income or earnings claims have been made or implied by Seller or its sales representatives." (*Id.*) The trial court did not err to the extent it determined there was no Franchise Act violation because there was no reasonable reliance.

4. Deception

Ind. Code § 35-43-5-3(a) provides "[a] person who . . . knowingly or intentionally makes a false or misleading written statement with intent to obtain property, employment, or an educational opportunity . . . commits deception, a Class A misdemeanor." If a

person suffers a pecuniary loss as a result of a violation of article 35-43, the person may bring a civil action against the person who caused the loss. Ind. Code § 34-24-3-1.

The trial court determined Berghs did not prove Bashor[9] knew, or had reasonable grounds to believe, that any information transmitted from Planet Antares to Berghs was materially false or misleading. There was ample evidence in the form of Bashor's testimony to permit that conclusion, and we decline Berghs' invitation to reweigh it.

## CONCLUSION

The trial court was within its discretion to deny Berghs' motion for default judgment, Berghs did not reasonably rely on any representations they allege violated the Franchise Act, there was evidence to support the trial court's determination Bashor did not commit criminal deception, and Berghs waived their argument the trial court erred in its application of the parol evidence rule. We accordingly affirm.

Affirmed.

KIRSCH, J., and BAILEY, J., concur.

---

[9] As noted above, the trial court did not adjudicate any of the Berghs' claims against Planet Antares, and Berghs make no argument Purco committed deception. We therefore address only Berghs' allegations against Bashor.