

FILED

Oct 14 2016, 9:42 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Benjamen W. Murphy
Law Office of Ben Murphy
Griffith, Indiana

ATTORNEYS FOR APPELLEE

Anthony F. Tavitas
Adam Tavitas
Crown Point, Indiana

# I N   T H E
# COURT OF APPEALS OF INDIANA

William Brandon, Jr. and Sarah
Brandon,

*Appellants-Plaintiffs,*

v.

Buddy & Pal's III, Inc., d/b/a
Buddy & Pal's Place and
Thomas Walker,

*Appellees-Defendants.*

October 14, 2016

Court of Appeals Case No.
45A04-1511-CT-1970

Appeal from the Lake Superior
Court

The Honorable Bruce D. Parent,
Judge

Trial Court Cause No.
45D04-1206-CT-178

**Vaidik, Chief Judge.**

# Case Summary

[1] William Brandon Jr. was injured in a bar fight. He sued Thomas Walker—the person who hit him—and the bar where the fight occurred. Although Walker failed to file an answer and was found to be in default, Walker appeared for trial three years later and represented himself, disputing his liability. During closing argument, Brandon's attorney urged the jury to find that the bar was 85% at fault and that Walker was only 15% at fault. The jury, however, found that Brandon himself was 100% at fault. Brandon then filed a motion to correct error arguing that the default established Walker's liability and that the only thing left to be determined was damages. The trial court found that Brandon waived this issue.

[2] We agree with the trial court that Brandon waived this issue. That is, because Brandon did not object to Walker participating in the trial, did not argue the effect of Walker's default at trial, and asked the jury to find that Walker was 15% at fault, he cannot now fall back on the position that Walker is 100% at fault (based on the default). We therefore affirm the trial court.

# Facts and Procedural History

[3] On March 10, 2012, Brandon and his wife went to Buddy & Pal's Place, a bar in Schererville, for a birthday party. Walker was attending the same birthday party, although Brandon and Walker did not know each other.

[4] At some point, Brandon and Walker got into a verbal argument. According to Walker, Brandon told him "I'll 'F' you up, punk." Tr. p. 86. A Buddy & Pal's employee quickly broke up the argument and escorted Walker and two females out of the bar. According to the employee, Walker did not cause any problems on his way out. *Id.* at 299-300. Once outside, Walker realized that he did not have his phone. One of the females told Walker that Brandon had taken his phone. Walker was upset because he had been kicked out of the bar and because he thought Brandon had his phone. *Id.* at 92.

[5] Walker approached the same employee who had just escorted him out of the bar and asked if he could go back in to get his phone. The employee said yes and escorted Walker back into the bar. Walker was calm at the time. *Id.* at 300. As Walker approached the table where he had been sitting to look for his phone, Brandon stood in his way "to provoke a fight." *Id.* at 92. At this point, Walker punched Brandon in the forehead. *Id.* at 112; *see also id.* at 430 (Walker explaining during his pro se closing argument: "It was at this time the flight or fight fear came over me. I struck Mr. Brandon in the forehead not out of hatred but out of fear of being jumped by him and his friend."). Brandon returned a punch, at which point he slipped and fell. *Id.* at 148. When Brandon fell, he cut his hand on a beer bottle. Brandon was taken by ambulance to the hospital, where he underwent surgery that night.

[6] In March 2012, Brandon and his wife (collectively referred to as "Brandon") filed suit against Buddy & Pal's and Walker. Buddy & Pal's filed an answer, but Walker did not. So in July 2012, Brandon filed a motion for default

judgment against Walker only. Appellants' App. p. 37. On August 6, 2012, Judge Svetanoff found that Walker was in default and set the "[m]atter . . . for a hearing on damages at a later date." *Id.* at 39; *see* Ind. Trial Rule 55(B). Four days later, on August 10, 2012, Walker, unrepresented by counsel, filed the following letter:

> I Thomas Walker . . . disagree with the charges filed against me from Plaintiff William Brandon Jr., and have been in touch with his attorney . . . about this matter. I also disagree with the motion for default judgement.

Appellants' App. p. 40. Judge Svetanoff never held a damages hearing as mentioned in the August 6, 2012 order. Judge Parent later took over the case. He never held a damages hearing, and Brandon never asked him to hold a damages hearing.

[7] Over three years after the entry of default, in August 2015, a three-day jury trial began. After the jury was selected, Walker appeared in court without a lawyer because he had received a summons from Brandon to testify as a witness during trial; Walker told Judge Parent that he did not think he was still a defendant in the case. Tr. p. 18. Judge Parent, however, told Walker that he was still a defendant and that he "presumed [Walker was] going forward on [his] own." *Id.* Without objection from Brandon or any mention of the default that had been entered three years earlier, Walker started representing himself. Specifically, Walker gave an opening statement, cross-examined witnesses, participated in the final-instructions conference, and gave a closing argument.

[8]     During Buddy & Pal's cross-examination of Walker, it admitted into evidence the trial court's entry of default as Exhibit 15. *Id.* at 94. Then, on redirect, Brandon's attorney asked Walker if he remembered sending a letter to the court in which he disagreed with the motion for default judgment, and Walker said that he remembered doing so. *Id.* at 96 (parties pointing out that Walker filed the letter before Judge Parent took the bench).

[9]     During the final-instructions conference, the parties agreed to Final Instruction No. 24, which gave the jury the option of apportioning fault among Brandon, Buddy & Pal's, and Walker:

> To decide if the plaintiffs are entitled to recover damages from Buddy & Pal's III Inc. or Thomas Walker, or both, and if so, the amount of those damages, apportion the fault to William Brandon Jr., Buddy & Pal's III Inc., and Thomas Walker on a percentage basis in the **FAULT** section of the verdict form.
>
> If both defendants or either defendant is at fault, decide each defendant's percentage of fault, if any, and the percentage of fault, if any, of William Brandon Jr. under the **FAULT** section in the verdict form. These percentages must total 100%. Do not apportion fault to any other person or entity. If you find that either Buddy & Pal's III Inc. or Thomas Walker are not at fault or that the Plaintiffs have failed to meet their burden of proof, enter zeros for the applicable Defendant under the **FAULT** section of the verdict form.
>
> If William Brandon Jr.'s percentage of fault is greater than 50%, indicate so on the **FAULT** section of the verdict form, and thereby return your verdict for the defendants and against the plaintiffs in this case, and deliberate no further.

If you decide, however, that William Brandon Jr.'s fault is 50% or less, then decide the total amount of each plaintiff's damages, if any, and enter them under the **RECOVERY** section of the verdict form. Do not consider fault when you decide these amounts.

I give you a verdict form that will help guide you through this process.

Appellants' App. p. 132. The parties also agreed with the verdict form that was given to the jury, which also gave the jury the option of apportioning fault among Brandon, Buddy and Pal's, and Walker. Tr. p. 393-94; Appellants' App. p. 136.

[10] During closing argument, Brandon's counsel argued that the jury should apportion fault among the parties as follows:

What did [Brandon] do? He went out with his wife. So, I submit that his percentage of fault is zero.

Now you're left to apportion fault between Buddy and Pal's and Thomas Walker. Now, I'm not saying that Thomas Walker has zero percentage. And I'm not saying give Buddy and Pal's one hundred percentage, but I'm saying Buddy and Pal's are the professionals here. Professional security, professional servers. Professionals at securing Mr. Walker and others.

So if you want to offer say eighty to eighty-five percent to Buddy and Pal's and fifteen to twenty percent to Mr. Walker, who could fault you. Who could fault you?

Tr. p. 401; *see also id.* at 405 ("But the responsible party here—the main responsible party is Buddy and Pal's."). Notably, Brandon's counsel did not mention the default or argue that the entry of default required the jury to find that Walker had a minimum percentage of fault.

[11] Following closing arguments, the jury found that Brandon was 100% at fault, Buddy & Pals was 0% at fault, and Walker was 0% at fault. *See* Appellants' App. p. 136 (verdict form filled out by jury).

[12] After the jury was excused, Brandon requested direction from Judge Parent regarding the default that had been entered against Walker in August 2012. Judge Parent heard arguments and gave the parties time to file briefs on the issue. *Id.* at 135. During the briefing window, Brandon filed a motion to correct error requesting a new trial. Walker, now represented by counsel, filed a response. Judge Parent denied Brandon's motion to correct error as follows:

> The jury heard evidence for three days, determined a lack of fault against WALKER, and had been excused with their deliberations complete. Only at that point did BRANDON bring to the Court's attention that a default judgment had been entered against WALKER in this case on August 6, 2012 . . . . BRANDON allowed WALKER to fully participate in all aspects of the jury trial without objection . . . . BRANDON agreed to the jury verdict forms presented to, and eventually used by, the jury that allowed for apportionment of fault related to WALKER; this too was done without comment or objection by BRANDON. It was not until *after* the jury entered its verdict and w[as] excused that BRANDON brought up the fact that a default judgment had previously been entered.

> To be clear, the Court was aware of the default judgment against WALKER of August 6, 20[12], but assumed that counsel [for] BRANDON—an extremely experienced and talented litigator—had investigated WALKER's financial background and determined that there was some advantage to his client in litigating the matter against both Defendants simultaneously. In short, the Court took BRANDON's silence on this issue as a knowing waiver.

*Id.* at 158-60.[1]

[13] Brandon now appeals.[2]

# Discussion and Decision

[14] Brandon contends that the trial court should have granted his motion to correct error. A trial court has discretion to grant or deny a motion to correct error, and we reverse its decision only for an abuse of that discretion. *Chapo v. Jefferson Cnty. Plan Comm'n*, 926 N.E.2d 504, 507 (Ind. Ct. App. 2010). An abuse of discretion occurs when the trial court's decision is against the logic and effect of the facts and circumstances before the court. *Id.* Here, Brandon argues that "[s]ince [Walker's] liability was established by the default . . ., a new trial should have been granted on damages only." Appellants' Br. p. 5. We agree

---

[1] As Brandon points out, his motion to correct error, filed September 9, 2015, was deemed denied on October 26, *see* Ind. Trial Rule 53.3; nevertheless, the trial court issued this denial order two days later on October 28.

[2] In April 2016, Buddy & Pal's was dismissed from the appeal with prejudice because Brandon and Buddy & Pal's settled. *See* Order, No. 45A04-1511-CT-1970 (Ind. Ct. App. Apr. 21, 2016). Accordingly, this appeal concerns Brandon and Walker only.

with the trial court that Brandon waived any rights he had by virtue of Walker's 2012 default.

[15] The general principle is that objections not contemporaneously raised are waived. *Bogner v. Bogner*, 29 N.E.3d 733, 740 (Ind. 2015). This is so because an objection gives the trial court the opportunity to make a final ruling on the matter in the context in which the evidence is introduced. *Id.*

[16] Here, the record shows that the trial court entered a default against Walker in 2012 and that the jury trial occurred in 2015. Brandon stood by silently as Walker represented himself at trial and disputed his liability. Buddy and Pal's—not Brandon—admitted the default into evidence. In fact, Brandon's counsel was the one who reminded Walker that he had sent the trial court a letter in which he disagreed with the motion for default judgment. Brandon also stood by silently as the jury was instructed that it could apportion fault among Brandon, Buddy & Pal's, and Walker (thereby allowing the option that Walker could have no liability) and was given a verdict form that gave the jury that same option as well. Furthermore, Brandon's counsel argued to the jury that Buddy and Pal's was 85% at fault and Walker was 15% at fault. Only when the trial did not turn out the way that Brandon wanted it to turn out and the jury was excused did Brandon raise the issue of the default against Walker with the trial court. This was too late. Because Brandon did not object to Walker participating in the trial, did not argue the effect of the default against Walker at trial, and asked the jury to find that Walker was 15% at fault (because it wanted the jury to find that Buddy & Pal's was primarily at fault), he cannot

now fall back on the position that Walker is 100% at fault (based on the 2012 default) and that the only thing left to be determined is damages. Accordingly, Brandon has waived this claim. *See Bogner*, 29 N.E.3d at 741 (holding that father waived his right to appeal the summary nature of the child-support proceedings because the parties agreed to conduct the hearing in summary fashion and father never objected).

[17] In addition, where a defendant fails to answer a complaint, even though there is a technical default, the nondefaulting party is not entitled to a judgment by default as a matter of right. *Progressive Ins. Co. v. Harger*, 777 N.E.2d 91, 95 (Ind. Ct. App. 2002) ("It is not an abuse of discretion to put a party to its proof, default notwithstanding . . . ."); *see also Shoulders v. State*, 462 N.E.2d 1034, 1036 (Ind. 1984) ("[E]ntering of the default did not summarily dispose of the petition in appellant's favor."). Indiana Trial Rule 55(B), which governs default judgments, provides that the trial court can hold a hearing to enable it to enter judgment:

> If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearing or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required.

Here, although the trial court found that Walker was in default in 2012, judgment was never entered because the issue of damages was left open. *See*

Appellants' Br. p. 9 (Brandon conceding that judgment was never entered on the default in this case).[3] Accordingly, to the extent that there was still a default in place, the 2015 jury trial constituted the hearing contemplated by Trial Rule 55(B). The trial court did not abuse its discretion in denying Brandon's motion to correct error.[4]

[18] Affirmed.

Baker, J., and Najam, J., concur.

---

[3] Although Judge Svetanoff's August 6, 2012 order called the entry of default a "default judgment," *see* Appellants' App. p. 39, it is clear that it was not a judgment because it did not entitle Brandon to collect any damages from Walker. *See* Ind. Trial Rule 58(B)(4) (explaining that a judgment must include "the relief granted").

[4] To the extent Brandon raises as a separate issue that the jury's verdict that he was 100% at fault is against the weight of the evidence and therefore the trial court should have granted him a new trial pursuant to Indiana Trial Rule 59(J) (on damages only), *see Warrick v. Stewart*, 29 N.E.3d 1284, 1289 (Ind. Ct. App. 2015) (discussing trial court's role as thirteenth juror), we disagree. There was evidence at trial that Brandon told Walker during their verbal argument "I'll 'F' you up, punk" and that when Walker walked back into the bar to look for his phone, Walker was calm and Brandon stood in his way "to provoke a fight." This evidence is sufficient for the jury to find that Brandon was 100% at fault. Because of this evidence, this case is distinguishable from a case that Brandon cites, *Deible v. Poole*, 691 N.E.2d 1313 (Ind. Ct. App. 1998), *reh'g denied*, *expressly adopted by* 702 N.E.2d 1076 (Ind. 1998) (finding that the trial court abused its discretion in denying the plaintiff's motion for a new trial; because the defendant admitted that he caused the car accident and that the plaintiff was entitled to recover at least some of her medical bills, prejudicial error occurred when the jury found that the plaintiff was 100% at fault).